Town of Guilford *against* The Supervisors of Chenango County.

The judgment should therefore be reversed and a new trial ordered.

MARVIN and HAND, JJ., also delivered opinions to the same effect.

Judgment accordingly.

THE TOWN OF GUILFORD *against* THE BOARD OF SUPERVISORS OF CHENANGO COUNTY and others.

The legislature of this state has power to levy a tax upon the taxable property of a town, and appropriate the same to the payment of a claim made by an individual against the town.

Nor is it a valid objection to the exercise of such power that the claim, to satisfy which the tax is levied, is not recoverable by action against the town.

Neither is the statute imposing the tax void, although the claim had been rejected by the voters of the town, when submitted to them at town meeting, under an act of the legislature authorizing such submission and declaring that their decision should be final and conclusive.

Accordingly, where Cornell and Clark, as commissioners of highways, prosecuted a suit by the direction of the voters of the town, and were defeated and compelled to pay the costs and expenses thereof, to recover which they brought an action against the town, and were beaten; and thereupon the legislature passed an act directing their claim to be submitted to the electors at town meeting, and declaring that their decision should be final and conclusive, and upon such submission it was rejected; and afterwards the legislature passed an act authorizing commissioners to determine and award the amount paid and expended by Cornell and Clark in the prosecution of such suits, and directing the board of supervisors of the county to assess the amount awarded upon the taxable property of the town, and cause it to be collected and paid in satisfaction of the claim; *Held*, in an action brought in the name of the town to restrain the assessment and collection of the amount awarded, that the act was constitutional and valid.

It seems that a town, in its corporate capacity, cannot maintain an action to vindicate the tax payers from an illegal tax. *Per* DENIO, J.

Town of Guilford *v.* Cornell, 18 Barb. 615, affirmed.

THE action was brought in the supreme court, in the name of the town of Guilford one of the towns of the

county of Chenango, against Cornell and Clark and the board of supervisors of Chenango county, to restrain the board of supervisors from levying and collecting from the taxable property of the citizens of the town, a sum awarded to Cornell and Clark under and pursuant to an act of the legislature for their relief (*Laws of* 1852, *p.* 12); and which the act directed the board of supervisors to assess and collect from the taxable property of the town of Guilford. The principal question was whether the legislature had authority to pass the act. The supreme court held the act to be valid. (*See* 18 *Barbour,* 615.) From this judgment the plaintiff appealed. The other facts of the case are sufficiently stated in the opinions of the court.

*H. R. Mygatt,* for the appellant.

*D. S. Dickinson,* for the respondents.

DEAN, J. Cornell and Clark were formerly commissioners of highways of the town of Guilford, and as such, by direction of the voters of the town, had sued the Butternuts and Oxford Turnpike Road Company. They were unsuccessful in the action, and were, after a long litigation, obliged to pay costs. The town then refused to reimburse them these costs. Cornell and Clark sued the town, and, after prosecuting the action to the court of last resort, ascertained that they had no legal remedy. They then applied to the legislature, and procured an act authorizing the question of payment or not by the town, to be submitted to the voters at the succeeding town meeting. (*Laws of* 1851, *p.* 17.) The voters decided that they would not tax themselves for any such purpose. Another application was made to the legislature which resulted in the passage of the act now in question. (*Laws of* 1852, *p.* 12.) The action is commenced nominally, and, as I shall assume, really, by the town of Guilford to procure a perpetual

injunction to restrain Cornell and Clark, and the board of supervisors of Chenango county, from proceeding to levy the tax authorized by this act, on the ground that the law is unconstitutional. This, as I view the case, is the only question which is necessary to be decided.

The law authorized the county judge of Chenango county to appoint three commissioners, whose duty it should be to hear and determine the amount of costs and expenses incurred by Cornell and Clark in the prosecution and defence of the suits mentioned. It authorized the commissioners to make an award, under their hands, or that of a majority of them, which was to be filed with the county clerk of Chenango. It made it the duty of the board of supervisors of said county, at their next annual meeting after the filing of said award, to apportion the same upon the taxable property of the town of Guilford, and provide for its collection in the same manner as other taxes are collected.

Has the legislature any power to enact such a law; that is, a law taxing the taxable property of a town to pay a claim of a private individual?

The general or federal government is one of derivative and limited powers; and as a consequence, congress, the legislative branch of that government, can only exercise those prerogatives which are by the constitution conferred upon it. The taxing power is, by § 8 of that instrument, limited. Uniformity of federal duties, imposts and excises throughout the United States, is also provided for by the same section. And the ratio in which direct taxes shall be apportioned among the several states is fixed by § 2. These limitations and restrictions result necessarily from the limited and derivative character of the federal government.

But our state government is an independent existence, representing the sovereignty of the people. The power of the legislature is the power of that sovereignty, and is supreme in all respects, and unlimited in all matters per-

taining to legitimate legislation, except in those instances where the people have, in their fundamental law, limited or restricted it. Taxation is indisputably a legislative power. The constitution of this state will be searched in vain for any clause which contains any restriction or limitation on the taxing power of the legislature. Provisions there are, regulating the manner in which bills, appropriating the public moneys for local or private purposes, or bills imposing taxes shall be passed. Section 13 of art. 7, requires the title of every bill imposing a tax, to specify the object of the law. Section 14 of the same article requires that on the final passage of every act which imposes a tax, the question shall be taken by ayes and noes, and that three-fifths shall be necessary to constitute a quorum. Section 9 of art. 1, requires the assent of two-thirds to the passage of every bill appropriating the public moneys or property for local or private purposes. These it will be seen, are not limitations of the absolute power of the legislature over the public moneys, or of the like power in the imposition of taxes, but rules prescribing the manner of its exercise. Whenever these formalities are observed, the legislature has the right to appropriate the public moneys for local or private purposes, and to impose a tax upon the property of the whole state, or any portion of the state, or any particular and specified kind of property. If it is feared that this power may be abused, or if it is in fact abused, neither the apprehension nor the reality prove the non-existence of the power. Indeed, I had supposed that the decision of this court, in the case of the *People* v. *Mayor, &c., of Brooklyn* (4 *Comstock*, 419), had settled the question as matter of authority; and that the reasoning, in the very elaborate opinion of Ruggles, J., in that case, had shown that the decision was right in principle. The judgment in this case should be affirmed.

DENIO, J. As we have come to a conclusion adverse to the plaintiff upon the merits of the action, it is unnecessary

to express an opinion upon the question whether a suit can be maintained by a town in such a case as the present, assuming the tax to be illegal.  The proceeding which the plaintiff seeks to restrain is not aimed at, and cannot affect the corporate rights or the corporate property of the town. It claims a contribution from the tax payers and out of the taxable property in the town; and for that purpose it employs the instrumentality of certain town officers.  It does not appear to me that the town, as a corporate body, can have a standing in court to vindicate the individual rights of the tax payers.  The principles affirmed by this court in *Lorillard* v. *The Town of Monroe* (1 *Kern.*, 392), seem to me to be hostile to the action.

It is argued by the plaintiff's counsel that the act under consideration is invalid because, by a former act, the question whether a tax should be levied to pay the expenses in question had been submitted to the electors at town meeting, and had been determined against Cornell and Clark, the defendants. (*Laws of* 1851, *p.* 17.)  It is said that by passing the act immediately under examination, whereby the legislature of its own authority provided for the auditing and levying the expenses upon the taxable property of the town (*Laws of* 1852, *p.* 12), certain vested rights of the tax payers were destroyed, which, it is argued, cannot be done consistently with constitutional principles.  The constitution of the United States prohibits the state legislatures from interfering with contracts, and our own constitution secures, under certain limitations, the inviolability of private property; and there is, moreover, a principle arising out of the distribution of political power among the great departments of the government, which prevents the legislature from attempting the exercise of judicial authority.  Each of these provisions is designed to protect vested rights. But I do not see that the act of 1852, in its relation to the former act, is hostile to either of them.  The act of the town meeting, under the first mentioned statute, did not

partake of the character of a contract, and it was not in its nature judicial. It professed to confer upon the voters certain administrative authority of the kind usually exercised by the legislature. It did not result in affording to Messrs. Cornell and Clark the relief to which the legislature ultimately thought them entitled. It was accordingly repealed by the act of the next year. The repeal destroyed the effect of the provision which declared that the result of the vote at town meeting should be final and conclusive. Besides the repealing section of the act of 1852, the other provisions of that act would have been a repeal by irresistible implication; for those provisions enacted that the claim should be allowed and paid, notwithstanding anything which might have been done under the prior law. Subsequent laws always prevail over earlier ones where there is a conflict between them, except in cases where the prior statutes are in the nature of a contract, or clothe an individual with proprietary rights in property. The legislature cannot thus deal with the judgments of courts, because it is not clothed with judicial power; but, as I have already said, the decision of the town meeting was not a judicial determination. The statute book is full, perhaps too full, of laws awarding damages and compensation of various kinds to be paid by the public to individuals who had failed to obtain what they considered equitably due to them by the decision of administrative officers acting under the provision of former laws. The courts have no power to supervise or review the doings of the legislature in such cases. The vote of the town meeting, though it had a conclusive effect while the law under which it was given remained in existence, possessed no element of inviolability under any provision of the constitution.

The legislature cannot take or authorize the taking of the property of an individual for public purposes, without compensation or for private purposes, though compensation is provided. It can, however, determine what

sums shall be raised by taxation, and the purposes to which the money shall be applied. If the purposes are private or local, something more than an absolute majority of the members of the legislature must concur. (*Const.*, *art.* 1, § 9.) There is no question but that this law received the requisite vote. The legislature is not confined in its appropriation of the public moneys, or of the sums to be raised by taxation in favor of individuals, to cases in which a legal demand exists against the state. It can thus recognize claims founded in equity and justice, in the largest sense of these terms, or in gratitude or charity. Independently of express constitutional restrictions, it can make appropriations of money whenever the public well-being requires or will be promoted by it; and it is the judge of what is for the public good. It can, moreover, under the power to levy taxes, apportion the public burthens among all the tax-paying citizens of the state, or among those of a particular section or political division. It is well settled, that the authority to raise money by the exercise of the taxing power is not in conflict with the constitutional provisions protecting private property from seizure. The two principles coexist in the constitution, and it is not difficult to distinguish between them. (*The People* v. *The Mayor*, &c., *of Brooklyn*, 4 *Comst.*, 419.)

The judgment of the supreme court should be affirmed.

Judgment accordingly.[1]

---

[1] *Brewster* v. *City of Syracuse*, 19 N. Y. 116. See the remarks of Judge PECKHAM, on these cases, in *Baldwin* v. *New York*, 2 Keyes 399, *et seq.* See also, *People* v. *Supervisors of Erie*, 1 Sheld. 517.