THE STATE, EX REL. JEREMIAH DOYLE, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK.

1. The act of the 15th of April, 1868, entitled "A further supplement to the act entitled 'An act to revise and amend the charter of the city of Newark, approved March 11th, 1857,'" the first four sections of which refer to an assessment theretofore made by the defendants, for certain improvements made in said city, and which, on account of certain informalities and defects in the proceedings, could not be collected, and provide for a new assessment, in a manner therein set forth, and for other assessments of a like character; the fifth section confers certain powers upon the common council, in reference to laying out and opening streets and squares, and the sixth section fixes the time within which the tax lists shall be delivered to the receiver of taxes and auditor of accounts, and requires the receiver of taxes to deliver to the city treasurer the list of taxes, after the final returns of the collector of arrears shall have been made in each year—

*Held*—That the act had but a single object, which was to make an amendment or addition to the city charter, whereby certain defects found to exist therein might be remedied; that the object was sufficiently expressed in the title, and the act does not contravene that section of the constitution which provides that every law shall embrace but one object, and that such object shall be expressed in the title.

State, ex rel. Doyle, v. City of Newark.

2.  The act does not attempt to render valid the former assessment, which
    this court had declared illegal, and had set aside. (*Vide* 1 *Vroom* 303.)
    It leaves that judgment untouched, and orders a new and independent
    assessment to be made, and is not in conflict with the judicial power
    of the goverpment.
3.  Nor is in conflict with the principles settled by the Court of Errors
    and Appeals, in the case of *The Tide Water Company* v. *Coster*, 3 *C. E.
    Green* 578.

On *certiorari*, to remove proceedings in case of assessment
for improvements, &c.

Argued before BEDLE and DALRIMPLE, Justices.

For prosecutor, *T. Runyon* and *T. N. McCarter*.

For defendants, *J. P. Jackson* and *C. Parker*.

The opinion of the court was delivered by

DALRIMPLE, J.   On the 17th of June, 1859, the common
council of the city of Newark passed an ordinance for the
regulating, grading, and paving of a certain portion of North
Broad street, in that city, and for curbing and flagging the
sidewalks thereof.   An assessment, to pay the expenses of
the improvement, was made upon the persons whose prop-
erty was benefited by the improvement.   The prosecutor in
this case being one of those persons, removed the ordinance
and assessment into this court by *certiorari*, and such pro-
ceedings were thereupon had that, at the term of June, 1863,
both ordinance and assessment were set aside.   The case will
be found reported in 1 *Vroom* 303.   The reasons assigned by
the court for the reversal of the proceedings are, that the
ordinance was not in pursuance of the notice of the proposed
improvement, and because it was defective, in that it was not
published according to law.   It is said, in the report of the
case, that there were other objections presented on the argu-
ment, which it was unnecessary to consider.   What those
objections were, we were not advised on the argument of the
case now before us.

VOL. V.                         P

By an act approved April 15th, 1868, (*Laws of* 1868, *p.* 1002,) after reciting among other things, that the city had undertaken and performed, at considerable cost, the said improvement, under the said ordinance, but, on account of certain informalities and defects in the proceedings taken with reference to said improvement, the city was embarrassed in collecting the costs and expenses of the same, it was enacted that it should be lawful for the common council to appoint five disinterested freeholders, commissioners to make an assessment of the whole costs, damages, and expenses of said work or improvement, upon the owners of the lands benefited, or intended to be benefited, according to the principles prescribed in the city charter, and that it should be lawful for the said commissioners, in case they deemed that any owner of any lands had suffered special damage, by reason of the defects or informalities that had occurred in such proceedings, to so estimate and declare in their report to the common council, and to state what allowance and deduction, if any, should be made from the assessment laid upon such owner, in which case such allowance should be charged upon the city at large; and that it should be lawful for said commissioners, in case they deemed it equitable that any portion of the whole costs, damages, and expenses of said improvement should be borne by the city at large, to so estimate and declare in their report, and thereupon they should assess the balance of the whole amount of such costs, damages, and expenses upon the owners of the lands benefited, as hereinbefore stated.

From the foregoing recital, the main scope and object of the act, so far as involved in this case, are apparent. An assessment having been made under this act, the prosecutor sued out a *certiorari*, and removed that assessment into this court.

It is objected that the act of 1868 is unconstitutional and void, because in contravention of paragraph four of section seven of article four of the constitution of this state, whereby it is ordained that, to avoid improper influences, which may

result from intermixing in one and the same act such things as have no proper relation to each other, every law shall embrace but one object, and that shall be expressed in the title. The title of the act under consideration is " A further supplement to the act entitled ' An act to revise and amend the charter of the city of Newark,' approved March 11th, 1857."

The first four sections of the act relate to the assessment for the improvement in question, and others similarly circumstanced. The fifth section confers certain powers upon the common council, in reference to laying out and opening streets and squares, and the sixth section fixes the time within which the board of assessment of taxes in said city shall deliver the tax lists to the receiver of taxes and auditor of accounts, and requires the receiver of taxes to deliver to the city treasurer the lists of taxes, after the final returns of the collector of arrears shall have been made in each year. In my opinion, this act has but a single object, which is to make an amendment or addition to the city charter, whereby certain defects found to exist therein are remedied. The object of the act is sufficiently expressed in the title, by calling it a further supplement to the charter. Such is believed to be the prevailing current of authority in sister states, where constitutional provisions, in this respect, are substantially the same as ours. *Sedgwick on Stat. and Const. Law* 52; *Ib.* 567. The legislative practice sought to be broken in upon has been too long established, and too often sanctioned by every department of the government, to be now condemned. Moreover, the question is *res adjudicata* in this court. The dispute arising on the title of this act cannot be distinguished from that adjudicated in the case of *The State, ex rel. Walter*, v. *Town of Union*, 4 *Vroom* 350. Justice Van Syckel, delivering the opinion of the court in that case, says: "The validity of acts with general titles has been so long recognized by our courts, that it cannot now be questioned that under the title, ' An act to incorporate the town of Union,' a government for the town could be established,

including taxation for its support, courts for the trial of offenders, authority for laying out streets, building sewers, and making assessments." These remarks apply with the same force to a supplement as to an original act of incorporation.

The next objection is, that the act of 1868 is unconstitutional and void, because it is an invasion by the legislature upon the judiciary. The contention is, that this court having, in 1863, set aside the assessment made against the prosecutor for the improvement in question, the judgment then pronounced cannot be nullified or rendered inoperative by act of the legislature. The legal proposition is undoubtedly correct. The judgment of a court of competent jurisdiction cannot be reversed, avoided, or set aside by the legislative power. The question here is, whether the act of 1868, properly considered, has the effect ascribed to it. It must be borne in mind that the act does not revive or attempt to render valid the assessment, which this court has declared illegal and set aside. It simply orders a new and independent assessment to be made, to collect moneys which the city had expended for the benefit of the prosecutor and others. It leaves the judgment of this court upon the first assessment untouched. Its effect is not to nullify the judgment of this court, but to reimburse the city, by means of a subsequent assessment, for moneys expended in improving a street. I know of no provision of the constitution which restrains the legislature from passing an act authorizing such assessment, to compensate a municipality for benefits conferred. An act of this description is a clear exercise of legislative power, whether it authorizes the assessment to be made at the time when, or after the benefits are conferred. An act of the state of New York, in all material respects like that now under consideration, was upheld by the unanimous judgment of the highest court of that state. The case is *Howell* v. *The City of Buffalo*, 37 *N. Y.* 267. The learned judge who delivered the opinion of the court in that case says : " The decision of the court declaring that charge un-

authorized and void · was not overruled nor in any manner interfered with, and there has been, by the legislature in the passing of the act, no encroachment in any way upon the functions of the judiciary. It is simply an exercise of the taxing power in a mode, as we have seen, within the constitutional scope of legislative authority, induced, it is true, by the failure of the former proceedings, but in no other sense retrospective, and in no objectionable sense, retroactive. It does not reach back and attempt to legalize the tax which was illegally imposed, and by the court declared void, but does precisely what might have been done if there had been no previous attempt on the part of the city to collect the expense of the improvement out of the property benefited." With the soundness of these views I am entirely satisfied, and they appear to me to cover the whole case. There are cases in this state which recognize the same general principles. *Mayor, &c., ads. State, Batten, pros.*, 3 *Vroom* 460 ; *State* v. *Newark*, 3 *Dutcher* 185. While the case of the *State, ex rel. Walter*, v. *Town of Union*, before referred to, was pending on *certiorari*, an act was passed curing the defects of which the prosecutor in that case sought to take advantage, the legislature thereby, to a certain extent, controlling the action of the court. The validity of the act was questioned, but sustained by the court, on the ground that there is no restraint on the legislature whereby it is prevented from dispensing, by subsequent legislation, with the necessity for certain formalities, which it could altogether have lawfully omitted to require, or have rendered immaterial by prior law.

The case of *The Town of Guilford* v. *The Board of Supervisors of Chenango County*, 13 *N. Y.* 143, shows the extent to which courts have gone in recognition of the right of the legislature to levy taxes, and declare the purposes to which the money, when raised, shall be applied. That case holds that the legislature has power to levy a tax upon the property of a town to pay a claim of an individual against the town, though such claim is not recoverable against the

State, ex rel. Doyle, v. City of Newark.

town, and has been rejected by its voters after submission to them at town meeting, under an act of the legislature authorizing such submission, and declaring that their decision shall be final and conclusive.

It is objected that the act is in conflict with the principles settled by the Court of Appeals in the case of *The Tidewater Company* v. *Coster*, 3 *C. E. Green* 518, and must, therefore, be held by this court to be unconstitutional and void. It is contended that the prosecutor may be assessed for benefits not received, because, by the phraseology of the act, not only the lands benefited, but those "intended to be benefited," are to be assessed, and that an assessment for benefits intended, but not actually conferred, would, according to the doctrine of the Tidewater case, be a taking of private property for public use without making just compensation. But this objection will appear to be without force when we consider that the assessment, by the terms of the act, is to be made "upon the owners of the lands and real estate benefited, or intended to be benefited, according to the principles prescribed for similar cases in the act," to which the act of 1868 is a supplement. These principles, as found in the original act (*Laws of* 1857, *p.* 167, § 109,) are, that the expenses of regulating, grading, and paving or otherwise improving any street or section of a street, shall be justly and equitably assessed upon the owners of lands and real estate upon the line of the street or section of the street improved. The phrase "lands and real estate benefited, or intended to be benefited," as used in the act of 1868, refers to the lands upon the line of the street improved. The principles upon which the assessment is to be made are, that each landowner shall make compensation for the benefits conferred. By the one hundred and fifth section of the city charter, the expenses of opening and laying out streets shall be ascertained, and the amount thereof shall be justly and equitably assessed upon the owners of all lands and real estate intended to be benefited thereby, in proportion, as nearly as may be, to the advantage each shall be deemed to acquire. And it

is required by the second section of the act of 1868, that the commissioners appointed under that act shall take the same oath, make their report, and perform their duties in the same manner as prescribed to commissioners appointed under the charter, to make assessments for damages sustained for opening of streets in said city. The just and equitable assessment mentioned in the one hundred and ninth section of the charter, which is the section which provides for an assessment of the character of that now before us, when the expression is taken by itself, or in connection with the provisions of other sections of the same act, means an assessment according to the benefits received. If this were doubtful, all doubt upon the subject must be removed when we read the original act and the supplement together. It appears by the papers returned with the writ that, in point of fact, such was the construction of the act adopted by the city authorities. The commissioners, in their report, say they made the assessment upon the land-owners and the city at large, "in proportion, as nearly as may be, to the advantage each is deemed to acquire."

I cannot yield to the suggestion that this court ought not to give effect to the act, because it is against public policy. Of the policy of the act, the legislature were the sole judges. From their decision there is no appeal. If this court were of opinion, as it is not, that the act was unwise and impolitic, that would afford no reason for pronouncing it invalid. The law being, in our opinion, constitutional, we must give it effect.

The assessment was lawfully made, and must be affirmed, with costs.

The decision in this case disposes of the case of *The State, ex rel. Benjamin H. Davis,* v. *The Mayor, &c., of Newark,* which brings before us an assessment made against the prosecutor, Davis, by virtue of the same proceedings which have just been affirmed in the case of Doyle, prosecutor, unless the fact that Davis became the owner of the land in respect whereof he has been assessed, after the reversal of the assess-

ment of 1859, varies the case. I cannot see that it does. The improvement had been made, the prosecutor's lands had received the benefit thereof, and he was one of the class of persons which the legislature decided should be assessed to pay the expenses of the improvement.

The assessment in the last-named case must also be affirmed, with costs.