. KNAPP *et al.*, ex'rs, v. TOWN OF NEWTOWN, appellant.

*Town bonds — issued under a constitutional act to pay expenses incurred under an unconstitutional act, valid — Evidence — rights of innocent holders — purchase at discount.*

By Laws of 1868, chap. 531, the construction of a highway from Long Island city to Blissville in the town of N., was provided for. The act was unconstitutional in respect to the method of determining the compensation to land owners, but no objection was ever raised upon this ground by those whose land was taken. Afterward, by Laws of 1869, chap. 483, bonds of the town of N. were authorized, to raise money to pay the expense of building the highway. This law was valid and bonds were issued under it and sold. By two subsequent acts of the legislature (Laws 1871, chap. 187, § 6; 1872, chap. 793, § 2), the validity of the bonds was recognized. *Held*, that the unconstitutionality of the act providing for the construction of the highway did not impair the validity of the bonds.

Evidence that the cost of the highway had been fraudulently increased by those having control of its construction, *held* inadmissible against holders of the bonds not shown to be parties to such fraud.

The statute authorized their issue provided that the bonds should not be sold for less than their par value. *Held*, that the fact that plaintiff paid only ninety per cent for them to those to whom they were issued, it not being shown that those persons did not pay the full par value, would not prevent a judgment for the full amount of the bonds.

APPEAL from a judgment in favor of plaintiff, upon a verdict. The action was brought by Sheppard, Knapp and another, as executors, etc., to recover on town bonds issued by defendant. The opinion states the material facts of the case.

*Lucien Birdseye*, for appellant.

*Robert Sewell*, for respondent.

DANIELS, J. By an act of the legislature of this State, enacted in 1868, three persons were named commissioners, to locate, lay out and construct a highway from Long Island city to Blissville, in the town of Newtown. And it was provided that they should assess the compensation of the owners and occupants of land, over which the highway should be laid out and constructed, for the land used in its construction. It also provided that they should assess one-half the expense of the improvement, upon the real and personal property of the adjoining owners benefited by it, and the other half, upon the taxable real and personal property of the town. Laws of 1868, chap. 531, §§ 1–3.

The town now claims the act to have been unconstitutionally enacted, chiefly for the reason that it provided that the compensation to the landowners should be determined by the commissioners named in it, instead of being done by a jury, or by commissioners appointed by a court of record, as the constitution has provided that it shall be done, and the town is probably correct in the position it has taken on this subject. *House* v. *City of Rochester*, 15 Barb. 517; *Clark* v. *City of Utica*, 18 id. 451; *People* v. *Haines*, 49 N. Y. 587.

But, notwithstanding that objection to the validity of the law, the commissioners provided for by it, did proceed under it and procure the land required for the highway mentioned in it, and laid

out and constructed it. And they do not appear to have encountered the least resistance or objection to their doing so, either from· the owners and occupants of the lands appropriated, or the tax payers, who, by the terms of that act, were to pay for the land and the expenses of the improvement.

By the act and the proceedings under it, the highway was laid out and constructed just the same as it would have been if no objection could be taken to the constitutionality of the law. The public derived all the benefit from its provisions that could have been secured from them, if they had provided that the landowners' compensation should be assessed by a jury, or by commissioners appointed by a court of record. And the moral obligation to pay for it was just as complete as it would be if the requirements of the constitution upon this subject had been carefully and scrupulously observed.

For that reason, it was within the power, and it was clearly the duty of the legislature to provide for the payment of the debts incurred in making the improvement, as it was made in conformity to an invalid act previously enacted by its authority. And that was done by the act of 1869. That was enacted in conformity with all the requirements of the constitution, and none of its provisions are in conflict with that instrument in any respect. By the act, the bonds in suit were provided for, as a means of raising the necessary funds to pay the expenses of making the improvement. And they were issued by the persons, and in the form prescribed by its terms. Laws of 1869, 1 chap. 483, § 1. This act was clearly within the powers of the legislature. *Town of Guilford* v. *Supervisors of Chenango*, 13 N. Y. 143 ; *People* v. *Flagg*, 46 id. 401.

And as long as the town has accepted and acted under the authority it conferred, by issuing the bonds allowed by it, and receiving their proceeds, it cannot now gainsay its liability to fulfill its own part of the obligation created by them. It was an act passed to relieve the town from what was, at least, a moral duty ; that of providing for the payment of the expenses of the improvement, made within its bounds, by immediate taxation. That was allowed to be deferred, and the money in the meantime raised by a loan on the bonds of the town ; and as the privilege was accepted, the burden, which was its price, must now be borne as its consequence. This act proceeded farther, and confirmed the assessment made by the com-

missioners, by providing that the bonds should be redeemed with the moneys collected from the assessment then laid by them.

The obligation of the defendant to pay the debt was further recognized and confirmed by chapter 187 of the Laws of 1871. For, by section 6 of that act, it was provided that all debts, obligations and liabilities of the town, then existing, or which had been authorized or directed by any existing act, should be charged in certain proportions upon the town and Long Island city. And by section 2, of chapter 793, of the Laws of 1872, the supervisor of the town was authorized to issue bonds to raise money for the payment of all such debts, obligations and liabilities. The bonds in suit were clearly within these provisions, for they had been, within their terms, authorized by an existing act of the legislature.

There can be no room to doubt that the bonds were authorized by an act of the legislature, entirely valid and effectual in its provisions, and the debt created by them has been since sanctioned, on two different occasions, by other acts, equally within the authority of that body. It was insisted, upon the argument, that these bonds should have contained the provision, on condition that they were to be redeemed with the moneys collected under the assessment laid by the commissioners ; but that objection cannot be maintained, because the statute prescribed just what their form should be ; and, by that provision, they were to be made payable in not more than five years from the date of their issue, with interest at the rate of seven per cent, payable semi-annually. Laws of 1869, chapter 483, § 1.

The bonds were made in that form, and are strictly within the terms of the act, in the obligation they created. The provision made for their redemption by the terms of the act, out of the assessment then laid by the commissioners, was to afford the town the means and source of payment merely, and not to impose a condition on the obligations themselves; and even that was afterward enlarged by the acts of 1871 and 1872, rendering them chargeable, in certain designated proportions, on the town and Long Island city, and conferring upon the town, authority to raise money for their partial payment, in common with its other debts, obligations and liabilities.

The defendant offered to prove that the expenses of constructing the road had been fraudulently increased by the misconduct of those who were engaged in making the improvement; but, as it was not

proposed to show that the persons who advanced their money upon the bonds were, in any way, parties to the fraud, the proof was properly rejected. It was the wrong of other parties, with whom they were in no sense connected, and over whose acts they had no control whatsoever; and by no just principle could they be made responsible for the consequences of the fraud. The parties who committed it should be, themselves, made the subject of prosecution and punishment. Its results cannot be imposed upon innocent persons who purchased the bonds of the town, without notice of the fraud by which the debt had been improperly enhanced, and advanced their money for them under the belief, warranted by the statute and the act of the town authorities, that they were, in all respects, valid obligations, as upon their face they appeared to be.

It is also claimed that, as the testator purchased the bonds for the price of ninety cents on the dollar, the judgment for their full amount was erroneously directed, because the act of 1869 provided that they should not be sold for less than their par value; but that objection cannot be maintained, because it appears that they were issued to other persons, who sold them to the testator at a discount of ten per cent. What they paid for them was not made to appear And, without evidence on that subject, it cannot be assumed that they bought them at a less price than the statute permitted them to be sold for.

The judgment recovered seems to have been entirely warranted by the facts, and it should, therefore, be affirmed, with costs.

DAVIS, P. J., concurred.

*Judgment affirmed.*