DANIEL H. BIDWELL, RESPONDENT, *v.* THE TOWN OF MURRAY, APPELLANT.

*Liability of towns for the negligence of highway commissioners — chapter 700 of 1881 is constitutional — duty of a traveler attempting to cross a bridge — admissibility of the declarations of a commissioner of highways to show his knowledge of a defect therein.*

In this action, brought against a town, under chapter 700 of 1881, to recover damages for injuries sustained by the plaintiff while crossing a bridge which was alleged to have been allowed to remain in an unsafe condition by reason

of the negligence of the commissioners of highways, the defendant claimed that the act was unconstitutional upon the ground that the highways were for the public and not for local use, and that the highway commissioners were not the representatives or agents of the town in any sense, and that the legislature had no power to charge the property of its citizens with the consequences of the misconduct and negligence of the commissioners.

*Held,* that the act was constitutional and valid.

A person approaching a highway bridge presenting no apparent defect or condition which would render it unsafe to cross over it, has the right ordinarily to assume that those charged with the duty of keeping it in repair have performed that duty and that he may safely proceed upon and over it.

The character and weight of the vehicle and load, and the manner in which it is moved and the effect of the movement, are all to be taken into consideration in crossing a bridge, and may require greater or less care.

Evidence of the declarations of one of the commissioners of highways, made the summer before the accident, to the effect that he had got to go and repair this bridge, was received.

*Held,* that the evidence was admissible as bearing upon the question of his knowledge of the condition of the bridge.

APPEAL by the defendant from a judgment, entered on a verdict rendered at the Orleans Circuit and from an order denying a motion for a new trial made upon the minutes of the trial judge.

*John Cunneen,* for the appellant.

*Isaac S. Signor,* for the respondent.

BRADLEY, J. :

The action is to recover damages, to the property of the plaintiff, caused by the breaking down of a highway bridge in the town of Murray, county of Orleans, alleged to have been occasioned by the negligence of the commissioners of highways of the town in not keeping the bridge in proper repair.

On the 14th day of September, 1883, when the plaintiff was passing over the bridge with his traction engine and water tank attached, a needle beam of the bridge gave way and the engine and tank were precipitated into the creek below and injured. The plaintiff recovered, and the defendant appeals. It appears that the bridge was constructed in 1860 ; that the needle beam which broke on this occasion was pine and decayed in the locality where it was broken. The evidence tends to prove that this timber was not put in when the bridge was originally constructed, but when it was placed in the

structure, does not definitely appear. The duty was with the commissioner of highways of the town, to use ordinary care to keep the bridges in the town in suitable repair for the purposes of the public travel over them, if he had the funds or the means of obtaining them for such purpose, and for failure in that respect, he is chargeable with negligence, and liable if injuries result occasioned by such neglect to parties lawfully passing over them, without fault on their part. (*Hover* v. *Barkhoof*, 44 N. Y., 113; *Bryan* v. *Landon*, 3 Hun, 500; S. C., 5 T. & C., 594.)

And this is an active duty of the commissioners, in so far that they are required to use reasonable diligence to ascertain the situation of the bridges and highways of their respective towns, and although they do not have actual notice of defective condition, they may be chargeable with notice of the defects which would have come to their observation by the use of reasonable diligence. (*Bostwick* v. *Barlow*, 14 Hun, 177; *Todd* v. *Troy*, 61 N. Y., 506; *McCarthy* v. *Syracuse*, 46 N. Y., 194.)

The commissioner, so far as appears, was not, before the injury, actually advised of the condition of this defective supporting timber, but in view of the age of the structure the jury were permitted to find that the commissioner was fairly required to have given it a more careful examination than it had received from him. And the evidence was sufficient to present a question of fact to the jury, and to justify the conclusion that a reasonable degree of care and vigilance on the part of the commissioner in the examination of the bridge would have disclosed the necessity for repair of its defective support.

This action is brought against the town of Murray pursuant to the statute which provides that "the several towns in this State shall be liable to any person suffering the same, for all damages to person or property by reason of defective highways or bridges in such town, in cases in which the commissioner or commissioners of highways of said towns are now by law liable therefor, instead of such commissioner or commissioners of highways." (Laws 1881, chap. 700, § 1.) It is contended on the part of the defense that this action cannot be maintained, because this statute is unconstitutional. And this contention is put upon the ground that the highways are for the public and not for local use, and that the high-

way commissioners are not the representatives or agents of the town in any sense, and, therefore, there is no legislative power to charge the property of its citizens with the consequences of the miscon- duct and negligence of those officers. The towns, as such, are mere civil divisions, except so far as they are invested by statute with corporate powers. They possess no corporate power in respect to the highways. And the highway commissioners are public officers, and as such have the entire care of the construction and repair of the highways, and at common law the towns are in no manner chargeable with the consequences to individuals of their neglect or misconduct in their management of the highways within the town. (*Morey* v. *Town of Newfane*, 8 Barb., 645; *Lorillard* v. *Town of Monroe*, 11 N. Y., 392; *People ex rel. Van Keuren* v. *Town Auditors*, 74 id., 310; *People ex rel. Loomis* v. *Town Auditors*, 75 id., 316; *People ex rel. Everett* v. *Supervisors*, 93 id., 397.)

The statute in question does not change the relation of the town to the highways in the town, or to the commissioners so far as relates to the control and supervision of them and the duty to keep them in repair. That duty is still upon those officers as such and not as agents of the town, to which no corporate power is given in that respect. And the liability which the town is, by this act, required to discharge is created in respect to matters with which it is charged with no duty, and over which, and the officers whose misconduct or neglect furnish the cause of such liability, the town has no control.

In view of this situation it is urged that the statute in question directs the taking of private property without due process of law. It will be observed that the system of laying out, opening and keep- ing in repair highways in the several towns in this State, has fur- nished officers, elected by the electors of the towns respectively, and they are supplied with the funds for those purposes by means of taxation of the property within them, and the towns in that manner are, pursuant to statute, charged with the legitimate expenses incurred by the commissioners in the maintenance of the highways within their limits respectively. And those officers are thus supported in the performance of the duties with which they are vested. There would be no constitutional objection to giving by statute to towns the corporate power and duty to take the con- trol and supervision of the highways within them, and thus give

the relation of agency to the officers in the performance of such corporate duty. While this statute does not vest the towns with any corporate power over the highways, it does create a primary liability for the negligence of the officers charged with that duty.

There seems to be no want of power to render such statute effectual. The legislature does not derive its powers from the Constitution, but as the representative body of the people of the State in their inherent power to enact laws, it has the character of sovereignty in that respect so far as consistent with our form of government, except as its powers are restricted by the federal and State Constitutions. The constitutional limitation upon taxation does not defeat the operation of this statute. (*Town of Guilford* v. *Supervisors*, 13 N. Y., 143; *Town of Duanesburgh* v. *Jenkins*, 57 id., 177–189.)

This creation of liability, in its application and results, is not a gift of the money or property of the towns to or in aid of an individual, within the meaning of article 8, section 11 of the Constitution. It has not relation to any individual, but concerns the public and is for the common benefit. The statute has in view the protection of the public in traveling upon the highways, for the maintenance of which the property in the towns is pledged for the purposes of taxation to the extent deemed requisite for the safety of travel upon them. The legislature by this act has sought to furnish indemnity to the public against loss, occasioned solely by the negligence or misconduct of the officers charged with the care and supervision of the highways. When this liability is established the means for its discharge are to be derived from taxation, and taxation is not taking property without due process of law within the meaning of the Constitution. (Art. 1, § 6.) By some method of equable apportionment and distribution of the burden, it operates upon communities and is a power essentially incident to government. (*People ex rel. Griffin* v. *Mayor*, 4 N. Y., 419; *Brewster* v. *Syracuse*, 19 id., 116; *People ex rel. Witherbee* v. *Supervisors*, 70 id., 228.) The delinquencies which may furnish the liability provided for are public, and relate to the performance of the duties of public officers and involve the consideration of the public interest, and the statute seems clearly within the legislative power. (*Weismer* v. *Village of Douglas*, 64 N. Y., 91.)

Several exceptions were taken to refusals to charge as requested and to the charge as made, also to the admission and rejection of evidence. The court, with ample instructions, submitted the questions of fact to the jury, and after a careful examination of the several exceptions relating to the charge and refusals to charge, we think no error was there committed by the court. The charge was as full as could be required in respect to the duty of the commissioner, and the question as to what were ordinary tests under the circumstances, and whether they were applied by the commissioner to ascertain the condition of the bridge, was for the jury and fully submitted. Whether the plaintiff was chargeable with contributory negligence was in like manner submitted to them. And the court was not required to charge "that if the plaintiff thought it would have been an act of prudence to examine the bridge before driving on to it, it was imprudent and negligent to drive on without such examination" in the language of the request. The court charged that the plaintiff had the right to act on appearance as it presented itself at the time, and if there was any apparent defect he was chargeable with negligence. The mere fact that he thought it would have been an act of prudence to examine the bridge, would not necessarily charge him as matter of law with negligence for not going on to and examining it unless he saw or knew something of its character in a respect which might render it unsafe to go upon, or which would induce a prudent man to stop and examine it.

The question of negligence was for the jury. A person approaching a highway bridge presenting no apparent defect or condition which may render it unsafe to cross over, has the right ordinarily to assume that those charged with the duty have performed it, and that he may safely proceed upon and over it.

The character and weight of the vehicle and load, and the manner it is moved, and the effect of its movement, are to be taken into consideration in crossing a bridge, and may require greater or less care. This traction engine and apparatus had the weight of three tons, and whether its character required any and what additional care was a question properly submitted to the jury. And they were permitted to say that the injury was attributable wholly to the defective condition of the bridge. And the court further charged that if the plaintiff had reason to suppose that the bridge was not

properly cared for, and was in some respects defective, he could not recover.

There was no error in receiving the evidence of the declaration of the commissioner made the summer before the accident, to the effect that he had got to go and repair this bridge. This evidence was competent only as bearing on the question of his knowledge of the condition of the bridge, and not to show that it was defective, and it was received only for such limited and legitimate purpose.

The fact that it was then out of repair, depended wholly upon other evidence. It was his negligence that created the liability. The question of funds was properly disposed of as one of law. The want of funds, or of the means to obtain them, is a matter of defense. (*Hover* v. *Barkhoof*, 44 N. Y., 113–118; *Hines* v. *Lockport*, 50 id., 236, 238, 239; *Lament* v. *Haight*, 44 How., 1, 4; *Warren* v. *Clement*, 24 Hun, 472; *Babcock* v. *Gifford*, 29 id., 186.)

The commissioner is entitled, as matter of course, to $250 per year (1 R. S., 502, § 4), and by vote at town meeting, he may be allowed not exceeding $750, in addition, to pay any balance that may be due for improvements before then made, as well as those in his opinion required for such purpose during the year following. (Laws of 1857, chap. 615.)

Then application may be made to the board of town auditors in the cases and manner prescribed by Laws of 1858, chapter 103, section 2. The objection to the evidence offered to show by the commissioner, that he had made no such application, was on the grounds that he was not the agent of the town, and that the defendant is not liable for his negligence.

It is on his request alone that the board is convened for such purposes. And if there was any tenable objection to the evidence it was not embraced within the grounds specified. And assuming that this was a proper case for application to the board of town auditors, which was assumed on the trial, the refusal to submit the question of negligence in that respect to the jury was not, nor was the charge thereupon made, error. If he had known of the defect in this bridge and that it required repair, the commissioner, certainly, would have been in fault if he had no funds by reason of his omission to make available his lawful opportunity to apply for them, if necessary to do so, to repair the bridge; but while the jury have found that he

ought, and by reasonable diligence would have known of this defective condition, yet he probably was not in fact advised of such condition or of the necessity of funds to repair it, so the matter of his omission to make application for funds was not a germane question. But, as before remarked, when the negligence of the commissioner and the freedom from fault of the plaintiff were established, the further defense was with the defendant.

The expense required to make the repair requisite to give safety to travel upon the bridge was small. And if the attention of the commissioner had actually been called to it before the accident, it would probably have been repaired.

The verdict seems to have been supported by the evidence. All the exceptions have been considered, and, we think, none of them well taken.

The judgment and order should be affirmed.

BARKER and HAIGHT, JJ., concurred; SMITH P. J., not sitting.

Judgment and order affirmed.