DENNIS McCARTHY et al., Respondents, v. THE CITY OF SYRA-
CUSE, Appellant.

When the duty is imposed by law upon a public officer or municipal cor-
poration, of keeping a structure in repair, it involves the exercise of a
reasonable degree of watchfulness, in ascertaining the condition of such
structure from time to time; and where this is omitted, such officer or
corporation is liable for damages, resulting from a dilapidation of the
structure, which is an ordinary result of its use, and which would have
been disclosed by an examination.

No notice of the defect is necessary in such a case to fix the liability.

The owner of the land over which a street or highway passes, has a right
to excavate the soil under the surface, and to use the space, so long as he
does not interfere with the public right of way.

(Argued April 19th, 1871; decided September 15th, 1871.)

APPEAL from judgment of the late General Term of the
fifth judicial district, affirming a judgment entered in Onon-
daga county upon the report of a referee in favor of plaintiffs.

The plaintiffs occupied a store at the corner of Salina and
Fayette streets, in the city of Syracuse. The basement room
which extended out under the sidewalks was used for the
storage and sale of carpets.

Prior to the year 1864 the common council of the city of
Syracuse caused a sewer to be constructed in Fayette street.
Into this main sewer ran branch sewers.

On the 13th day of August, 1864, there occurred at Syra-
cuse a very heavy fall of rain, and the branch sewer running
from the north-east corner of Salina and Fayette streets,
became unable to receive and carry off the water which ran
into it, and in consequence, the water set back and flooded
those streets at that point, and ran under and forced up the
floor of the basement room of the plaintiffs, and carrying with
it mud, gravel, and street filth; wet and soiled a portion of
the carpets stored in such room, and injured and damaged
the same to the amount of $1,402.

This branch sewer had become obstructed by the falling
down of a portion of bricks, of which the inlet to it was con-

structed, and the accumulation thereon of mud and street filth thus almost entirely closing the inlet.

None of the officers of the city of Syracuse had notice on the 13th day of August, 1864, or before that time of the obstruction; but the same might have been discovered on inspection.

By the charter of the city of Syracuse, it was made the duty of the mayor and common council of said city, and they· had the power to make, open, regulate, repair, and improve sewers in said city; and during the year 1864 they appointed and employed a competent street superintendent and competent deputies under him, to take care of the streets and sewers of said city and keep them in repair.

*D. Pratt*, for appellant. That defendant was not liable for failure to construct a sewer of sufficient capacity. (*Mills* v. *Mayor of Brooklyn*, 32 N. Y., 489; *Wilson* v. *Mayor of N. Y.*, 1 Denio, 595.) Defendant not liable without notice, actual or constructive. (Shearman & Redfield on Negligence, § 147; *Hart* v. *Brooklyn*, 36 Barb., 226; *McGinity* v. *New York*, 5 Duer, 674; *Mayor* v. *Sheffield*, 4 Wal., 189; *Griffin* v. *New York*, 9 N. Y., 456; *Hudson* v. *Same*, id., 163.) Plaintiffs' excavation of the street was a wrongful act, which contributed to the injury. (*Congreve* v. *Smith*, 18 N. Y., 79; *Same* v. *Morgan*, id., 84; *Dygert* v. *Schenck*, 23 Wend., 446.)

*George N. Kennedy*, for respondents. Defendant was liable for the defect in the sewer. (*Barton* v. *City of Syracuse*, 37 Barb., 292; S. C., 36 N. Y., 54; see, also, *Davenport* v. *Ruchman and the City of New York*, 37 id., 568.) Plaintiffs had a right to use the area under the sidewalk. (*Williams* v. *Kenney*, 14 Barb., 629; *Cortelyou* v. *Van Brunt*, 2 Johns., 357; *Jackson* v. *Hatherway*, 15 id., 447; *Town of Galen* v. *R. Plank R.*, 27 Barb., 543.) The owner may make any use of the land not amounting to a nuisance. (*People* v. *Cunningham & Harris*, 1 Denio, 524.) Notice that sewer was

out of repair not necessary. (*Barton* v. *Syracuse*, 36 N. Y., 58; *Griffin* v. *Mayor*, etc., 9 id., 465.)

Rapallo, J. The principle appears to be settled in this State, that where a duty of a ministerial character is imposed by law upon a public officer or corporation, a negligent omission to perform that duty, creates a liability on the part of such officer or corporation, for the damages which individuals may sustain by reason of such omission, and that such liability may be enforced in a civil action by the party injured. (*Adsit* v. *Brady*, 4 Hill, 630; *Robinson* v. *Chamberlain*, 34 N. Y., 389; *Hutson* v. *The Mayor*, etc., 9 id., 169; *Fulton Fire Ins. Co.* v. *Baldwin*, 37 id., 648; *Hover* v. *Burkhoof*, Ct. Ap. Com.; *Barton* v. *City of Syracuse*, 36 N. Y., 54.)

The charter of the city of Syracuse, which was in evidence on the trial of this action, contains provisions making it the duty of the mayor and common council to make, open, regulate, repair and improve sewers in said city; and it is found by the referee, that at the time of the injury, they employed a superintendent and deputies to take care of the streets and sewers, and keep them in repair.

It was decided, in the case of *Barton* v. *The City of Syracuse* (36 N. Y., 54), that if the city entered upon the performance of this duty, negligence in its performance, created a liability to the party injured, and the city was in that case, held liable for damages sustained by a party whose property was injured by the overflow of a sewer, caused by an accumulation of mud and filth.

The entire omission to construct a sewer, or the failure to make it of sufficient size, has been held not to create a liability on the part of the city, for the reason that the duty of determining where sewers shall be located and their dimensions is, in its nature, judicial. (*Mills* v. *The City of Brooklyn*, 32 N. Y. R., 489.) But where a sewer has been determined upon and is constructed, all the authorities agree, that the duties of constructing it properly and keeping it in good condition and repair are ministerial; and that negli-

gence in the performance of those duties, will render the city liable for damages resulting therefrom. (32 N. Y., 489; 1 Denio, 595; 36 N. Y., 54.)

The referee has found as facts, that the plaintiffs' premises were flooded and his goods damaged, in consequence of the inability of the sewer in question, to carry off the water which fell in the street during a heavy rain, and that this inability of the sewer, resulted from its having become obstructed by the falling down of a portion of the bricks of which the inlet was constructed, and the accumulation upon such fallen bricks of mud and street filth, almost entirely closing the inlet; and that the defendant was guilty of a neglect of duty in permitting the sewer to become obstructed and out of repair; and that by reason of such negligence the plaintiffs sustained the damages for which judgment was rendered.

This finding of a neglect of duty on the part of the city officials is essential to the plaintiffs' case. Although the duty under a city charter of keeping sewers and other constructions in repair, may in one sense, be regarded as founded upon a contract implied from the acceptance of the benefits of the charter, to perform the duties imposed by the same instrument, yet the obligation has not, in any of the cases, been extended beyond that of exercising due diligence. No case has gone so far as to hold, that there is an absolute undertaking or guaranty on the part of the corporation, that these constructions shall at all times and under all circumstance be in proper condition, or to hold the city responsible without some wrongful act or negligent omission on its part. The appellant contends, that the uncontroverted facts establish, that in this case there was no such negligence, and they rely mainly upon the fact found by the referee, that none of the officials of the city had notice that the sewer was obstructed or out of repair.

The mere absence of this notice does not necessarily absolve the city from the charge of negligence. Its duty to keep its sewers in repair, is not performed, by waiting to be notified by citizens that they are out of repair, and repairing them only when the attention of the officials is called to the damage

they have occasioned by having become dilapidated or obstructed; but it involves the exercise of a reasonable degree of watchfulness in ascertaining their condition, from time to time, and preventing them from becoming dilapidated or obstructed. Where the obstruction or dilapidation is an ordinary result of the use of the sewer, which ought to be anticipated and could be guarded against by occasional examination and cleansing, the omission to make such examinations and to keep the sewers clear, is a neglect of duty which renders the city liable. (*Barton* v. *The City of Syracuse*, 37 Barbour, 292; affirmed 36 N. Y., 54.)

But it is further claimed in this case by the appellant, that the obstruction was caused by the falling in of the bricks, of which the inlet was built, and that these bricks must have fallen in during the extraordinarily heavy rain which resulted in the damage in question, or during a shower which occurred a few hours previously and on the same day.

The referee has not found, nor does the evidence disclose with certainty when this falling in occurred. It is argued from the fact that during the first shower no water came into the plaintiffs' premises, that the sewer was then in good order.

But that is not a necessary sequence. The sewer may have been then partially obstructed, but still have had sufficient capacity to carry off the water which fell at that time, or enough of it to protect the plaintiffs' premises. The street had been flooded in previous rains without injury to the plaintiffs. Neither was it shown that this falling in of the bricks was not caused by some negligence in the construction of the sewer. If the appellants had shown, that the sewer was constructed in a workmanlike manner, and that care had been exercised to keep it in proper order, and that, notwithstanding this care, it had caved in, then their want of notice of the injury in season to repair it would have excused them, and this court would be justified in reversing the finding of negligence.

But nothing was shown as to the mode of construction of the sewer, nor was it proved that any examination of it had

ever been made since it was built. How long it had been falling into the condition in which it was finally found, or from what cause it became so dilapidated, are left to conjecture. The referee has found, that the obstruction might have been discovered on inspection, and that the city was negligent in permitting the sewer to become obstructed and out of repair; and although it may be that the evidence would have justified a different conclusion, we do not think the case sufficiently clear to authorize us, to reverse the finding of the referee, on the ground that there is no evidence to sustain it.

The excavation by the plaintiffs of the area under the sidewalk was not unlawful; they owned to the center of the street, subject to the right of way of the public over the surface. For any interference with this right of way, the plaintiffs would have been responsible. But, so long as they did no injury to the street, they were at liberty to use the space under it, as they might any other part of their property.

They were not bound to leave the earth there, as a protection against a possible overflow of the sewer.

The question, whether the damage was caused by the stoppage of the sewer, was one of fact. There was evidence from which that inference could be drawn; and we cannot review the conclusion of the referee in that respect.

The judgment should be affirmed, with costs.

Church, Ch. J., Allen and Peckham, JJ., concur; Grover and Folger, JJ., dissent; Andrews, J., not voting.

Judgment affirmed.