ROBERT STACK, Appellant, *v.* MYRON BANGS, Respondent.

(GENERAL TERM, FOURTH DEPARTMENT, MAY, 1872.)

In order to render a canal contractor liable for damages resulting from defects in a canal bridge, it is not necessary to establish either that the bridge was so defective as to be apparently so to everybody, or that notice of its defective and unsafe condition had been brought to the contractor or his agents. It is sufficient if it appears that the defects were such as the contractor might, by reasonable examination and tests, have discovered, and the question of his negligence in not making such discovery is one for the jury.

MOTION for new trial upon exceptions ordered to be heard in the first instance at the General Term. The facts appear sufficiently in the opinion.

*Hiscock, Gifford & Doheny*, for the plaintiff.

*Roger & Jenney*, for the defendant.

Present—MULLIN, P. J.; JOHNSON and TALCOTT, JJ.

By the Court—JOHNSON, J. The plaintiff was improperly nonsuited. His counsel asked to have the case submitted to the jury on the question of the defendant's negligence, which

was denied, and an exception duly taken. The action was brought to recover damages sustained by the plaintiff, occasioned by the wrongful and negligent conduct of the defendant in not keeping the bridge across the canal at Geddes street in Syracuse in repair and in a safe condition.

The defendant was a canal contractor, and the bridge in question was embraced in his contract. The plaintiff was crossing the bridge with a team and loaded wagon, when the bridge suddenly gave way, precipitating the plaintiff, with his wagon and horses, into the canal, by means of which the plaintiff was much injured and his property more or less damaged. The load upon the wagon does not appear to have been excessive in respect to weight, and it was drawn with ordinary speed only for such a place. The fact that the bridge broke down under such circumstances is quite conclusive that it was at the time in an unsafe condition. The evidence in the case tends to show that the bridge gave way on account of a certain brace under it being out of place, or on account of the timbers being rotten, or from both causes combined. Some of the timbers of which the bridge was constructed were shown to have been quite rotten and unfit for such a place. The court ruled that in order to render the defendant liable the plaintiff must show either that the bridge was so defective as to be apparent to everybody, in which case the defendant would be bound to take notice of it, or that notice of its defective and unsafe condition had been brought to the defendant or his agents. This is not the rule. It was clearly a question upon all the evidence, whether the defendant had not been negligent in not ascertaining the real condition of the structure if he was ignorant of it. That he would be liable for his negligence in a case like this, is established by the decision in *Robinson* v. *Chamberlain* (34 N. Y., 389) and in *Fulton Fire Ins. Co.* v. *Baldwin* (37 id., 648). Canal bridges fall within this rule, as was expressly held in *Conroy, Adm'r,* v. *Gale,* decided in the third department at the June term. 1871.*

* Reported 5 Lansing, 344.

In that case, as appears by the opinion which has been furnished us, it was distinctly held that notice to the contractor of the dangerous condition of the bridge was not necessary, but that it might be a question for the jury whether the defects were so far concealed as to relieve the contractor from responsibility on the score of negligence. This decision has, as we understand, been affirmed by the Court of Appeals. The defendant was under an obligation and a duty to keep this bridge in repair, and it will hardly do for him to say merely that he had not been informed in regard to its condition. He should have known, if he could have found out by reasonable examination and tests. He could not sit still and suffer the braces to fall out or the timbers go to decay without any care or examination, and shield himself from liability on the ground of such ignorance. (*McCarthy* v. *City of Syracuse*, 46 N. Y., 194.) The plaintiff should have been allowed to go to the jury on the question of the defendant's negligence. A new trial must, therefore, be ordered, with costs to abide the event.

New trial granted.