## SMITH v. MAYOR OF NEW YORK.

*Municipal corporation — not liable for damages from overflow of sewer properly made.*

A heavy rain carried so much sand into a city sewer as to cause it to overflow. The sewer was properly constructed and was sufficient to carry off the water which flowed through it, and the sand was not deposited in it by reason of any error in its construction. *Held,* that the city was not liable for damages caused by the overflow.

*Nims* v. *Mayor of Troy,* 3 N. Y. Sup. 5, and *McCarthy* v. *City of Syracuse,* 46 N. Y. 194, distinguished.

APPEAL by plaintiff from a judgment in favor of defendant, entered upon the report of a referee.

The action was brought by Andrew Smith against the Mayor, etc., of the city of New York to recover damages for an injury to plaintiff's goods, caused by the overflow of a sewer. Sufficient facts appear in the opinion.

*Henry Parsons,* for appellant.

*E. Delafield Smith,* for respondents.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

DANIELS, J. The action was brought to recover damages sustained by an injury to the plaintiff's goods, in consequence of water settling into the basement of his premises from a sewer constructed and maintained by the defendant in 129th street, in the city of New York.

The overflow occurred on the 4th of July, 1872, and was preceded by a heavy rain, which conveyed so much sand into the sewer as to completely obstruct and prevent the water from passing through it. The evidence did not show it to have been in any manner obstructed before, and no proof was given from which the fact could have been found that it was improperly constructed, or in any respect out of repair. Before the sand was washed into it, and after its removal, it appeared to be sufficient to carry off the water flowing into it. A witness, sworn on behalf of the plaintiff, stated that he thought the difficulty lay in improper grading; that there was velocity of water enough to carry off the sediment if the grading had been proper. But that was not sufficient to prove the fact that this conjecture was well founded, particularly in view of the circumstance that the sewer worked well after the sand was removed from it. Upon the facts proved the referee failed to find the defendant chargeable with negligence or improper conduct, either in the construction or management of the sewer, and he accordingly dismissed the plaintiff's complaint. It is now insisted, in support of his appeal, that this was an erroneous disposition of the case, and the cases of *Nims* v. *Mayor of Troy*, 3 N. Y. Sup. 5, and *McCarthy* v. *City of Syracuse*, 46 N. Y. 194, are cited as maintaining that position. But that is clearly a mistake, for the recoveries were sustained in each of those instances, because positive misconduct on the part of the defendants was established by the evidence. In the first case the sewer was improperly constructed, and in the second it had partially fallen in, which could have been discovered, by reasonable diligence and oversight on the part of the city officials, in time to have prevented the injury occasioned by means of it. Both cases are clearly distinguishable from the present one, in which the sewer was filled by sand, carried by the rain that produced the overflow. Under such circumstances no degree of dilgence would have been sufficient to remove the obstruction, after it was formed, before the injury was caused by it.

In the case of *McCarthy* v. *City of Syracuse,* 46 N. Y. 197, RAPALLO, J., in delivering the opinion of the court, held that the "finding of a neglect of duty on the part of the city officials is essential to the plaintiff's case." "No case has gone so far as to hold that there is an absolute undertaking or guaranty, on the part of the corporation, that these constructions shall at all times and under all circumstances be in proper condition; or to hold the city responsible without some wrongful act or negligent omission' on its part." This principle is directly opposed to the plaintiff's right to recover in this action. For no evidence was given upon the trial from which it could have been justly found that the defendant or its officials were properly chargeable with any want of care or skill in the construction, maintenance or management of this sewer.

The case was an unfortunate one for the plaintiff, but his injury was caused by an unforeseen occurrence; that under the settled principles of law created no right of action in his favor against the defendant.

Another overflow was caused by the same obstruction about the 15th of July, by another fall of rain, but this seems to have resulted in no particular injury to the plaintiff's property. Very near that time the sewer was cleared and no further complaint was made concerning it.

Under the evidence the case was properly disposed of by the learned referee, and the judgment should be affirmed.

*Judgment affirmed.*