STEPHEN JENNEY et al., Respondents, *v.* THE CITY OF BROOKLYN, Appellant.

A municipal corporation does not insure citizens against damage from works of its construction; its obligation and duty in such respect is measured by the exercise of reasonable care and vigilance, and liability can only be predicated upon its neglect or misconduct.

In an action to recover damages for injuries to plaintiffs' premises by the overflow of water, plaintiffs proved that a fire hydrant had, in some manner not shown, been removed; that it was found detached from the main water pipe, and that the water from the main had flowed upon their lands doing damage, and then rested.     There was no attempt to show that the method of construction of the hydrant adopted by defendant was defective, or that it was out of repair or imperfect.     Defendant's

witnesses testified that the plan of construction was the best known; that the materials used were new and good and the work skillfully done, and when completed it was a good job.  A motion for a nonsuit by defendant was denied and the question whether the hydrant was faultily constructed submitted to the jury.  *Held*, error; that it was necessary for plaintiff to show that the injury was occasioned by an omission of duty on the part of the defendant, in failing to use reasonable care in the erection and construction of the hydrant, or thereafter in neglecting to keep it in repair, and the evidence did not tend to show any such omission.

(Argued March 5, 1890; decided April 15, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department entered upon an order made June 8, 1887, which affirmed a judgment in favor of plaintiff entered upon a verdict.

This action was brought to recover damages for injuries alleged to have been caused by defendant's negligence.

Between three and four o'clock of the morning of June 16, 1885, a watchman in the employ of the plaintiffs found that the fire hydrant between the curb stone and the wall of plaintiffs' works had in some manner been removed, and in its place a stream of water was gushing up, which in a short time overflowed plaintiffs' oil works to their damage in about the sum of $1,400.

The plaintiffs proved that the hydrant was found detached from the main water pipe, the extent of the damage by water which by reason thereof was permitted to flow over and upon their property, and rested.

The defendant called a number of witnesses who testified in effect that the hydrant had been erected and constructed about seven months before the injury to the plaintiffs; that they had taken part in the erection and construction; that the method of doing the work was the best known to them; that the materials used were new and good; and that when completed it was a good job.

The plaintiffs did not offer any evidence in rebuttal.  The court denied defendant's motion for a nonsuit at the close of

the testimony, and submitted to the jury for their determination whether the hydrant was faultily constructed.

*Almet F. Jenks* for appellant. Where there is no contract relation there is no liability established by the mere proof of an accident. (2 Thomp. on Neg. 1227; *Weidmar* v. *N. Y. E. R. R.*, 114 N. Y. 462.) The city is not an insurer against damage caused by a public work. Negligence or willful misconduct must be shown on the part of the city. (*Hout* v. *Mayor, etc.*, 109 N. Y. 134; *Smith* v. *Mayor, etc.*, 66 id. 295.) Plaintiff was bound to give some evidence of violation of duty, of negligence or of willful misconduct. (*Weidmer* v. *N. Y. E. R. R. Co.*, 114 N. Y. 462; *Bond* v. *Smith*, 113 id. 378; *Olive* v. *W. M. Co.*, 103 id. 292; *Losee* v. *Buchanan*, 51 id. 476; *Livingston* v. *Adams*, 8 Cow. 175; *Lehman* v. *Brooklyn*, 29 Barb. 234; 2 Thomp. on Neg. 1237; *Ravelein* v. *P. Co.*, 48 Me. 291.) The exception to the refusal of the court to dismiss the complaint on the ground that the city was freed from liability by the "exemption clause" (§ 27, tit. 19 of the charter) was well taken. (*Gray* v. *City of Brooklyn*, 2 Abb. Ct. App. Dec. 267; *Fitzpatrick* v. *Slocum*, 89 N. Y. 365; Laws of 1888, chap. 583.) If it could be shown by the opinion of a man qualified by his knowledge, both general and special, that causes had contributed to the accident which were without any rule of liability, the city was entitled to put that matter before the jury. (*Van Wycklen* v. *City of Brooklyn*, 118 N. Y. 424; *Moyer* v. *N. Y. C. R. R. Co.*, 98 id. 645; *Clark* v. *Willett*, 35 Cal. 534; *Story* v. *Newman*, 15 N. Y. 524; *Rouse* v. *Lewis*, 4 Abb. Ct. App. Dec. 121–124.)

*Homer A. Nelson* for respondent. The estoppel placed on the trial on the motion for the dismissal of the complaint predicated on section 27 of title 19, of charter of 1873 of the city of Brooklyn, was very properly overruled by the judge at the circuit. (*Fitzpatrick* v. *Slocum*, 89 N. Y. 358; *Hardy* v. *City of Brooklyn*, 90 id. 435; *Seifert* v. *City of Brooklyn*, 101 id. 136.)

PARKER, J. In the construction of the water main and fire hydrant the defendant did that which it lawfully might. No contractual relations existed between it and the plaintiffs, and in the construction and maintenance of water-works, mains and hydrants for the benefit of the municipality, it owed to the plaintiffs no other or further duty than to the other residents of the city.

A municipal corporation does not insure the citizen against damage from works of its construction. Its obligation and duty in such respect is measured by the exercise of reasonable care and vigilance. Liability can only be predicated upon its neglect or misconduct. (*McCarthy* v. *City of Syracuse*, 46 N. Y. 194; *Smith* v. *Mayor, etc.*, 66 id. 295; *Ring* v. *City of Cohoes*, 77 id. 83; *Hunt* v. *Mayor, etc.*, 109 id. 134.)

Proof that the plaintiffs sustained damage by the flooding of their works with water from defendant's mains could not alone justify a recovery. It was necessary to go further and show that the injury was occasioned by an omission of duty on the part of the municipality, in that it failed to use reasonable care in the erection and construction of the hydrant, or thereafter omitted to properly superintend it for the purpose of keeping it in repair. No attempt was made to show that the method of construction adopted by the city was defective; the hydrant imperfect; the materials of inferior quality; the workmen unskillful; or that the work was not carefully and thoroughly done. Neither by the testimony of an eye-witness, or opinion of an expert, was an effort made by evidence to account for the removal of the hydrant which resulted in the escape of the water. The evidence at most permitted a guess that the hydrant had been forced out by the pressure of water rather than by some active power above the surface. On the other hand five or six witnesses who took part in the erection of the hydrant asserted that the plan of construction was the best known to them; that the materials used were new and good; the work was skillfully done, and that when completed it was a good job.

We think the case was without evidence to support a finding that the injury was due to the negligence of the defendant in constructing the hydrant.

It follows that the motion for nonsuit should have been granted.

The judgment should be reversed.

All concur.

Judgment reversed.