McAdam, J.
The plaintiff, a market gardner, sued the municipality to recover $4,000 damages sustained from an overflow of water on his vegetable garden, July 30, 1889. He recovered a verdict for $2,500, and the defendant appeals.
The ground of liability as alleged in the complaint is, “ that on or about the said 30th day of July, 1889, a certain drain running through 165th street, owned by and under the control of defendant, and in charge of servants and employees of the defendant, has been negligently, improperly and defectively constructed, and which having been negligently left in an improper, unsafe and defective condition, after notice, became clogged up on account of its defective construction or unrepaired condition, or both, and the sewerage and water therein contained or which would have properly passed through said sewer, were said sewer and drain in perfect condition, overflowed on, in and through plaintiff’s said premises, to wit: the lands leased to him between 163rd and 165th streets and Fleetwood and Railroad avenues in said city, and rendered useless the crops of vegetables growing on said lands and belonging to the plaintiff.”
The overflow, it is claimed, was caused by the inadequacy or clogging-up of a drain leading from the plaintiff’s land to a sewer erected by the defendant. On the other hand, the defendant insists that the drain was put partly over private property and connected with the Webster street sewer by the New York & Harlem Railroad Co., at its own expense, although under the supervision of an inspector appointed by the city to protect its property interests. The drain seems to have been made necessary by the depression of the railroad tracks under legislative authority (L. 1887, chap. 721), whereby the former means of drainage of plaintiff’s land, through a sluiceway under the tracks, was destroyed. If this be so, no liability would seem to attack to the municipality *452 for such acts of the Railroad Company designed to meet a condition created for its own benefit.
But assuming for the purposes of this appeal that the drain was, as the plaintiff contends, put in by the defendant, then the question of the city’s liability must be determined by the law regulating the construction of public works by municipalities, to which we will presently direct attention.
It is apparent from the complaint, the evidence offered, the claim made by plaintiff’s counsel during the trial, and the charge of the court, that the recovery was had not only for the consequences of obstructions in the drain and neglect of its condition, but the defective construction in the first instance as well. Plaintiff's witness, Mr. Guión, a civil engineer, attributed the overflow principally to the fact that the eighteen-inch pipe which constituted the drain in question was not sufficient to carry away the water from the territory tributary to it; he also ascribed it to the circumstance that it had no strainers in front to prevent the admission of boards, refuse, and the like, and to what may be termed another error of construction—that there were curves which impeded the more rapid progress of the water and allowed the boards and refuse entering the drain to clog it up. This question of defective construction was also submitted to the jury by the trial judge as an element of liability on the part of the city. Such submission was, in our judgment, error. No fault was found with material or workmanship, but with the general plan of the work itself, and that alone.
Municipal provision for the drainage, of lands and streets by sewers and the like is of a judicial nature, requiring the exercise of deliberation and discretion in determining their necessity, requisite capacity, location, etc., and for error of judgment in the plans or details or in under-estimating the public needs, no action will lie against the municipality. Mills v. City of Brooklyn, 82 N. Y. 489; Barton v. Syracuse, 36 N. Y. 54; McCarthy v. Same, 46 N. Y., 194; Hines v Lockport, 50 N. Y., 236; Nims v. Mayor, 59 N. Y., 500; Smith v. The Mayor, 66 N. Y. 295; Byrnes v. Cohoes, 67 N. Y., 205 ; Lynch v. Mayor, 76 N. Y., at p. 63 ; Urquhart v. Ogdensburg, 91 N. Y., 69; Seifert v. Brooklyn, 101 N. Y., 141; Turner v. Newburgh, 109 N. Y., 301; Stoddard v. Saratoga, 127 N. Y., 261; 38 St. Rep. 683; Barrett v. Trustees, 135 N. Y., 436; 48 St. Rep. 462.
If we are to assume that the city built the drain, we must also assume (there being no evidence to the contrary) that it was built according to the plans adopted by the public authorities at the time ; and there is nothing in the record which takes the question of faulty construction out of the principles established by the cases cited, under which no liability on the part of the defendant was made out.
Even if the municipality is to be held to have assented by the presence of its inspector to the laying of the drain by the Railroad Company, its liability for faulty construction would not under the present proofs have been greater than if it had built the drain itself. Consent given by a municipal corporation to do a *453 lawful act implies that it is to be done in such a manner as to save the public from- danger and the municipality from liability. Village of Port Jervis v. First Nat. Bank, 96 N. Y., at p. 557.
The drain seems to have answered every purpose prior to the time of the injury complained of, when an unusually heavy fall of rain caused an unexpected overflow. The defendant had no notice before this that the drain had not been properly constructed, or was insufficient for ordinary purposes, and it is not liable for the casualty, Smith v. The Mayor, 66 N. Y. 295; Hart v. Northern Liberties, 35 Pa. St., 324. Nor had the defendant prior to the overflow such notice of any obstruction in the drain as imposed on the municipality any duty it might have performed in time to have obviated the consequences which ensued. A municipal corporation does hot insure its citizens against damage from works of its construction, and is liable only for failure to exercise reasonable care and vigilance. Hunt v. The Mayor, 109 N. Y. 134; 15 St. Rep. 62; Jenney v. Brooklyn, 120 N. Y., 164; 30 St. Rep. 877.
We think the verdict cannot be sustained on the grounds upon which it was rendered,—faulty construction and neglect to remove obstructions; and the judgment and order appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event.
Sedgwick C. J., concurs; Beekman, J., concurs in result.