### ASLEN v. VILLAGE OF CHARLOTTE.

(Supreme Court, Appellate Division, Fourth Department. December 9, 1898.)

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—NEGLIGENCE.
  The stringers holding the boards on a sidewalk were decayed, and did not securely hold nails driven through the planks. Plaintiff was injured by one of the boards springing up and tripping her. Witnesses for plaintiff had observed the defects in the walk, but witnesses for defendant, who had been over the walk, had not. *Held* to warrant a finding that the defect had existed for such a length of time as to attract the attention of the municipality or its authorities, and that their omission to repair was negligence.

2. SAME.
  Where the stringers holding the boards on a sidewalk were decayed, so as to not securely hold nails driven into them through the planks, the defect is a danger which ought to have been foreseen by the exercise of reasonable care, so as to make the municipal corporation liable for injuries to pedestrians therefrom.

3. DAMAGES—EXCESSIVENESS.
  A verdict of $700 for the fracture of the floating rib, where the probabilities are that plaintiff will always be more or less troubled with it, is not excessive.

Appeal from trial term, Monroe county.

Action by Augustine Aslen against the village of Charlotte to recover for injuries received from a defective sidewalk. From a judgment for $700, entered on a verdict for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before HARDIN, P. J., and ADAMS, FOLLETT, WARD, and McLENNAN, JJ.

Roy C. Webster, for appellant.

Fred. H. Baker, for respondent.

HARDIN, P. J. Plaintiff's complaint alleges that on the 6th of June, 1897, and for a long time prior thereto, the sidewalk on the south side of Marshall street, near the residence of John Pettin, was out

of repair, and suffered by defendant for a long time prior thereto to be and to remain out of repair, and in a dangerous and unsafe condition for persons and pedestrians traveling over the same on foot. It also alleges that the defendant had notice and knowledge of the dangerous and unsafe condition of the sidewalk, and negligently and carelessly suffered and allowed the same to remain until the happening of the accident. Her complaint also alleges that without knowledge or notice on her part of the dangerous and unsafe condition of the sidewalk, and while she was walking carefully along said street and sidewalk, and without any fault or negligence on her part, and on account of the dangerous condition of said walk, the plaintiff was tripped and violently thrown at a considerable distance down upon the ground, and greatly and permanently hurt and injured, and that she received a great shock to her nervous system, and that she was put to great loss and expense for care, medicine, and medical attendance, and will in the future be put to great loss and expense for care, medicine, and medical attendance. The complaint also alleges that on the 15th of September, 1897, she caused to be filed with the clerk of the village a written verified statement of the nature of her claim, specifying the time and place such injuries were received. The answer of the defendant admits its incorporation "with a board of trustees exercising powers and functions of commissioners of highways of said village," and admits the existence of Marshall street in said village, and admits the service of a duly written verified statement of the existence of an alleged claim of the plaintiff for injuries sustained. Upon the trial, evidence was given on behalf of the plaintiff tending to show that the sidewalk in question, where the plaintiff received the injuries for which she complains, was out of repair; that the stringers holding the plank boards were decayed, and did not hold securely nails that were driven into them through the planks; and that as she passed along on the occasion of the injuries, by the side of her husband, he stepped upon one end of the plank; that it sprang up, and she was tripped, and fell, and received the injuries for which she complains. There was considerable evidence given on the part of the plaintiff as to the condition of the walk and observations made by several witnesses in respect thereto for a period of time antecedent to the occurrence of the accident. There was considerable evidence offered by the defendant tending to show that various persons had been over the walk, and had not observed its defective condition; among them, the statement of the superintendent of the streets of defendant that he had prior to the accident been over the walk, and had not himself discovered its defective condition. Whether the walk was out of repair and in a defective condition at the time of the injuries received by the plaintiff was a question of fact upon all of the evidence, which was fairly submitted to the jury by the trial judge to determine. The verdict, upon evidence that is entirely satisfactory, supports the contention of the plaintiff that the walk was, at the time she received the injuries, out of repair, and in a defective condition, and that, by reason of the defect existing in the walk, she was tripped, fell, and received the injuries for which she brings this action. The evidence warranted the jury in finding that the defect had existed for such a length of time as to attract the attention of the defendant or

its authorities, and that their omission to repair the same was negli-
gence.

We think the evidence fully comes up to the rule laid down by the
court of appeals in Beltz v. City of Yonkers, 148 N. Y. 67, 42 N. E. 401,
cited by the counsel for the appellant. In that case the court said:

"A municipal corporation must guard against such dangers in its streets
as can or ought to be anticipated or foreseen in the exercise of reasonable
prudence and care; but it is not chargeable with negligence in omitting to
repair a defect in a street, so slight that no careful or prudent man would
reasonably anticipate any danger from its existence."

We think the defects disclosed by the evidence in this case were not
so slight and inconsiderable as not to be discovered by a careful or pru-
dent man who was charged with the duty of inspection and observation,
as were the officers of the defendant in respect to the premises in ques-
tion. It was clearly the duty of the defendant to exercise reasonable care
and vigilance in respect to the sidewalk opposite the premises of Pettin.
Such care and prudence, according to the verdict of the jury, were not
exercised, and therefore the defendant was guilty of negligence. Hunt
v. Mayor, etc., 109 N. Y. 134, 16 N. E. 320; Jenney v. City of Brooklyn,
120 N. Y. 164, 24 N. E. 274; Beltz v. City of Yonkers, supra. We
think the trial judge committed no error in refusing to nonsuit, and
that his charge to the jury was correct in respect to the plaintiff's free-
dom from contributory negligence, and in every aspect of it was suffi-
ciently favorable to the defendant.

2. We are of the opinion that we ought not to disturb the verdict
of $700, on the ground that the same was excessive. Dr. Wolff testified
quite fully as to the nature of the injury, and to his examination of the
condition of the plaintiff after the existence of the same for several
weeks. The fracture was of the eleventh rib, commonly known as the
"floating rib," on the left side. His testimony is confirmed by other
evidence in the case; and, after a full description of the condition found
by him on the occasion of the several examinations of the plaintiff,
he added: "In this particular case I should say that the probabilities
are that she will have more or less trouble there always; that is not
a positive statement; the probabilities are that she will." After read-
ing all the evidence bearing on the question of damages found in the
appeal book, we are not prepared to say the jury has gone wrong in
giving to the plaintiff a verdict of $700. We think we ought not to
disturb it as excessive. We see nothing in the exceptions taken by
the defendant during the progress of the trial which requires us to in-
terfere with the verdict.

Judgment and order affirmed, with costs. All concur.