(161 App. Div. 286)

### GIBNEY v. RODGERS & HAGERTY, Inc., et al.

(Supreme Court, Appellate Division, First Department. March 6, 1914.)

MASTER AND SERVANT (§ 125*)—MASTER'S LIABILITY—PLACE FOR WORK.

> Defendant contracted with the city to fill in cellars after the buildings had been razed. Neither the party removing the buildings nor the city inspector had discovered anything not appearing to be solid earth and the bottom of the cellar some ten feet below the street level. *Held*, that defendant might rely on their observation as to the nature of the ground, and, there being nothing intrinsically dangerous in the apparent conditions, was not liable for injuries to plaintiff's team, which was hauling dirt to fill the cellar but fell through into an undiscovered subcellar.
>
> [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 243–251; Dec. Dig. § 125.*]

Appeal from Trial Term, New York County.

Action by James Gibney against Rodgers & Hagerty, Incorporated, impleaded, etc. From a judgment entered upon a verdict of a jury, and from an order denying a motion for a new trial, Rodgers & Hagerty, Incorporated, appeal. Reversed, and complaint dismissed.

The action was for damages to plaintiff's horses and truck. The city of New York had acquired certain premises for the approach to the Manhattan Bridge, and the appellant had contracted to fill in the cellars after the buildings had been razed. Plaintiff had hired himself and his trucking outfit to a firm of public truckmen who were carting dirt for the filling work. Prior to the accident, a city inspector had inspected the premises and had discovered nothing more than what appeared to be a solid earth floor some ten feet below the street level, with no evidence of any subcellar. This inspector was on the premises daily during the work of demolishing. Cappel, who demolished the buildings and removed their material, discovered no subcellar; the city engineers, who were in and about the premises in the course of their work, were equally ignorant of its existence; and the defendants knew nothing about it. Plaintiff had been drawing dirt to the premises for some three weeks before the accident. He testified that when he began there appeared to be a cellar about ten feet deep, with an apparently solid bottom. In pursuing the work of filling, the earth was dumped from the street side, and, as it came up level with the sidewalk, planks were laid on the surface and the trucks backed in upon these planks. On the day in question, plaintiff backed his truck in until the rear wheels came in contact with a timber known as a chock, which served to arrest the trucks at the point where their loads were to be dumped. As he was about dumping his truck, the earth beneath the truck and horses subsided, carrying down the plaintiff and his outfit and causing the injuries complained of. It was then for the first time discovered that

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

what had appeared to be the bottom of the cellar was a flooring which served as a roof to a subcellar, which roof had given away.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and HOTCHKISS, JJ.

Frank V. Johnson, of New York City, for appellant.
Cornelius J. Earley, of New York City, for respondent.

HOTCHKISS, J. It seems to me clear that defendants were not liable. They had the right to rely on the prudence and observation, in the course of the work, of those whose relations thereto preceded theirs, and which relations necessarily called for a reasonable degree of care. Young v. Mason Stable Co., 193 N. Y. 188, 86 N. E. 15, 21 L. R. A. (N. S.) 592, 127 Am. St. Rep. 939. There was nothing intrinsically dangerous in the apparent conditions, nor anything to suggest the necessity of extraordinary care. They were not called upon to drill for a solid bottom, or to make any further investigation concerning the safety of the situation into which they called plaintiff to pursue his labors, than such as was involved in observing the conditions which apparently existed. As was said by Earl, J., in Burke v. Witherbee, 98 N. Y. 562, 568:

"Were they bound to know more than every one else? Ought they to have perceived danger that was not visible to any one else? * * *"

The judgment and order should be reversed, with costs, and the complaint dismissed, with costs. All concur.