JOHN WANAMAKER, NEW YORK, Respondent, Appellant, v. THE CITY OF NEW YORK, Appellant, Impleaded with DOCK CONTRACTOR COMPANY, Respondent.

First Department, July 1, 1921.

Municipal corporations — negligence — damages caused by breaking of sewer in city of New York constructed in compliance with plans of Public Service Commission — contractor not liable where insufficiency of sewer directly referable to faulty plans of engineers of Public Service Commission or improper maintenance by city — city not liable for negligence of Public Service Commission or of independent contractors under it — city having accepted and maintained sewer with knowledge of defects in construction is liable for resulting damage.

In an action for damages brought about by the breaking of a " U " shaped portion of a sewer adjoining plaintiff's store in the city of New York it appeared that the sewer was constructed by the defendant contractor

in exact compliance with the plans of the Public Service Commission and in accordance with the terms of the contract; that the sewer was much smaller than the one it replaced and was constructed of brick without reinforcement so that it could not resist a great deal of pressure; that the " U " ran into a space where about seventy-five men were employed by the plaintiff and in which were the boilers for the heating plant and other machinery, rendering a break dangerous to human life; that it was reasonable to apprehend that a heavy rainfall or clogging from other causes would subject the sewer to unusual pressure and cause it to break at this point, and that the chief engineer in charge of sewers of the city had knowledge of the reduced capacity of the new sewer.

*Held*, that any insufficiency of the sewer was directly referable to the faulty plans of the engineers of the Public Service Commission or its improper maintenance by the city for which the contractor cannot be held liable;

That the city is not liable for the negligence of the Public Service Commission or of independent contractors under it in planning and constructing the work;

That the city is liable for the resulting damage to the plaintiff, since it accepted and maintained the sewer in its dangerous condition after having knowledge of the defects in construction.

APPEAL by the plaintiff, John Wanamaker, New York, from so much of a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 2d day of February, 1920, as dismisses the complaint as against the defendant Dock Contractor Company.

Appeal by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in said clerk's office on the same day on the verdict of a jury.

*Richard Ely* of counsel [*Hedges, Ely & Frankel*, attorneys], for the respondent, appellant.

*Joseph F. Caponigri* of counsel [*Joseph Beihilf* with him on the brief; *John P. O'Brien, Corporation Counsel*, attorney], for the appellant, City of New York.

*John P. Maloney* of counsel [*Stanton & Maloney*, attorneys], for the respondent Dock Contractor Company.

PAGE, J.:

The Dock Contractor Company had a contract for the construction of that portion of the new Broadway subway which is in front of the department store of the plaintiff. In

connection therewith it relocated and rebuilt the sewer which, prior to the construction of the subway, was located in the center of Broadway. In accordance with the plans and specifications prepared by the engineers of the Public Service Commission, which were submitted to the chief engineer in charge of sewers of the city of New York, this sewer was relocated to run behind the wall of the subway close to the building line on the east side of Broadway. At the new building of the plaintiff it curved in a " U " shape into the open vault space adjoining and practically a part of the plaintiff's sub-basement. It is not disputed that the sewer was constructed by the Dock Contractor Company in exact compliance with the plans and specifications of the Public Service Commission, and in accordance with the terms of its contract. It is not claimed that the work was done by it in a negligent manner. Any insufficiency of the sewer as constructed was directly referable to the faulty plans of the engineers or its improper maintenance by the city, for which the contractor cannot be held liable. (*Gibney* v. *Rodgers & Hagerty, Inc.*, 161 App. Div. 286.) The court, therefore, properly directed judgment in favor of the defendant, the Dock Contractor Company.

About six months after the sewer was built a heavy rainfall began at about two o'clock in ·the afternoon, and at two-thirty-five P. M. the " U " shaped portion of the sewer gave way and flooded a portion of the sub-basement, and inflicted damage, which the jury assessed at $12,556.36, and which is not claimed to be excessive.

The city is not liable for the negligence of the Public Service Commission, or of independent contractors under it, in planning or constructing the work. (*O'Brien* v. *City of New York*, 182 App. Div. 810, 814; *Schmidt* v. *City of New York*, 179 id. 667; affd., 228 N. Y. 572; *Smyth* v. *City of New York*, 203 id. 106; *Carpenter* v. *City of New York*, 115 App. Div. 552, 557.) This is well settled and was stated a number of times by the justice in the course of the trial and repeatedly impressed upon the jury in the charge. The court said in the charge: " But I want you to get this clearly in mind, and I think you have it clearly in mind, from the trend of the trial and the remarks of counsel and the court during the

First Department, July, 1921. [Vol. 197

trial, that whatever negligence there may have been on the part of the Public Service Commission the city is not responsible for. They are an independent body created by the Legislature, and the city is not responsible for the negligence of the Public Service Commission. The city is responsible only for its own negligence."

The theory of the liability of the city was plainly put before the jury in charging a request of plaintiff's counsel: "Mr. Ely: I don't think this is very different from what your Honor has charged. I would ask your Honor to charge that it was the duty of the city to exercise reasonable care to maintain the sewer structures which it used in a proper and safe condition, and that if at, or after the date when the Public Service Commission surrendered control of the sewer, the city knew, or had reasonable cause to believe that the structure which broke was not constructed of materials to resist an internal pressure which might reasonably be expected to be imposed upon it, and if the jury believe that such inadequate structure was a contributing cause of the accident, and that the city did not act with reasonable diligence in correcting the condition complained of, after notice of its existence, the city is liable. The Court: In such case you may find the city guilty of negligence. You may. The question of negligence is for you, if all the facts and circumstances warrant it."

The negligence of the Commission, except as brought home to the city by its acceptance and continued use of a dangerous and defective structure, was wholly irrelevant to the plaintiff's case.

The city's liability arises from these considerations:

*First.* The relocated sewer was much smaller than the sewer which it replaced.

*Second.* The sewer was constructed of brick without reinforcement which concededly, when placed in an open space such as this vault, would not resist much pressure.

*Third.* The " U " of the sewer ran into a space that was practically a part of the plaintiff's building, where about seventy-five men were employed and in which were the boilers for the heating plant and elevator machinery of the two large buildings operated as a department store. Hence a break in

the sewer at this place was dangerous to the life of a large number of people.

*Fourth.* As constructed it was reasonable to apprehend that a heavy rainfall or a clogging from other causes would subject the sewer to unusual pressure and cause it to break at this point.

It was shown that in advance of the letting of the contract the plans were submitted to the chief engineer in charge of sewers of the city for his suggestions and approval; that in 1911 the successor of the first engineer called attention to the reduced capacity of the new sewer and suggested that it be made larger; and that the Public Service Commission suggested that he take the matter up with the contractor, which he signified his intention of doing. The city, through those having charge of its sewers, had knowledge of the defects in construction, and yet it accepted the sewer and maintained it in its dangerous condition. Hence the city was liable for resulting damage. (*McCarthy* v. *City of Syracuse*, 46 N. Y. 194; *Hines* v. *City of Lockport*, 50 id. 236; *Nims* v. *Mayor, etc., of City of Troy*, 59 id. 500; *Vogel* v. *Mayor, etc.*, 92 id. 10; *Schumacher* v. *City of New York*, 166 id. 103; *Rumetsch* v. *Wanamaker, New York, Inc.*, 216 id. 379.)

On the plaintiff's appeal the judgment is affirmed, with costs to the respondent Dock Contractor Company. On the city's appeal, the judgment is affirmed, with costs to the plaintiff.

DOWLING, SMITH and GREENBAUM, JJ., concur; CLARKE, P. J., dissents.

On plaintiff's appeal judgment affirmed, with costs to respondent Dock Contractor Company. On appeal of defendant The City of New York, judgment affirmed, with costs to plaintiff.