PHILOMENA BIANCANIELLO, Respondent, *v.* TOWN OF COLONIE, Appellant.

Third Department, January 15, 1941.

*Frank L. Wiswall* [*Carl O. Olson* and *James E. Brearton* with him on the brief], for the appellant.

*Henry H. Koblintz* [*Max H. Zuckerman* of counsel], for the respondent.

FOSTER, J. Defendant appeals from a judgment in favor of the plaintiff for the sum of $303.75, entered upon the verdict of a jury in the Albany County Court. Plaintiff owns premises at No. 7 Corning street in the defendant township. The latter controls and is responsible for the maintenance of water mains in the Latham Water District. Plaintiff charges in her complaint that defendant negligently permitted a leak in one of such water mains to continue through the months of August, September and October of 1938, so that water accumulated in the cellar of her house and caused damage thereto.

One of the district water mains is located in Corning street, and a hydrant attached to it by means of a lead, stood slightly to the left of and in front of plaintiff's house. She claims that notice of conditions indicating a leak was given to the defendant

by her daughter in the early part of August, 1938. The daughter's testimony concerning this alleged notice is decidedly equivocal, and the records of defendant indicate that no notice was given until September twenty-third. In any event it is not disputed that defendant's employees came in response to the first call, on whatever date it was made, and inspected the hydrant and the surface of the ground adjacent to the premises above the pipe line leading into the house. This was the usual and customary method of examination. If a leak existed the proof is that ordinarily the indications thereof would appear on the surface of the ground. On October fourth defendant's employees made another inspection, and on the following day excavated around the hydrant down to the bottom of the line. No leaks were discovered on any of these occasions. Subsequently, and through some excavations made by plaintiff's son, a leak was discovered at the bottom of a T joint in the water main at the corner of Corning and Sumter streets, about forty feet east of the hydrant. The stream of water issuing from this leak was about one-eighth of an inch in diameter.

Defendant, of course, was not an insurer of its water system. It was liable only for negligence in original construction or subsequent maintenance. (*Jenney* v. *City of Brooklyn*, 120 N. Y. 164.) There is no proof whatever of negligent construction. Plaintiff's case is based solely upon the contention that a notice of defect was given, and that thereafter defendant failed to exercise reasonable care in finding the defect and correcting it.

We think the evidence does not support this contention. It seems more than likely that notice was not given until September twenty-third instead of in the early part of August as claimed by plaintiff. But however this may be, defendant responded whenever notice was given, and its men employed the usual tests to discover a leak. They were not required to do more in the exercise of reasonable care. The only evidence of a leak was water in the cellar of plaintiff's house, and for this, in the absence of any surface indications, a reasonable mind might naturally surmise another cause, especially in view of the torrential rains which occurred in September. In any event the evidence does not justify a finding that defendant was required to excavate to a point where the leak was finally discovered when the application of customary tests failed to show any evidence of a leak. To hold otherwise would in effect make defendant an insurer.

The judgment should be reversed and the complaint dismissed, with costs.

Hill, P. J., Crapser, Heffernan and Schenck, JJ., concur.

Judgment reversed on the law and facts and complaint dismissed, with costs.