Aulen, J.
 

 The record reveals the following
 
 *252
 
 facts: The defendant in error is engaged in the business of manufacturing yarns, and owns a building upon a paved street in the city of Portsmouth, Ohio. The basement of the company’s building was used as a storage for yarns. The city of Portsmouth had established a sewer system in the vicinity of the factory, and had later improved the streets of the locality by brick paving, by building concrete curbs and gutters, and by connecting them with the main sluices and catch-basins in the sewer. It is stated on behalf of the city that the sewer system has been too flat, that is to say, has lacked the pitch necessary for adequate self-regulation. At the date named in the petition, after an exceedingly hard rainfall, the sewer in front of the .company’s factory, which is a storm sewer, failed to carry off the water accumulated upon the streets, and a stream of water poured into the cellar of the plaintiff and injured yams therein stored. The evidence showed that the storm sewer in question was found for the greater part to be full of dirt and silt after the injury to the plaintiff’s property. The record discloses substantial evidence that repeated notice had been given to the city of the condition of the sewers prior to the flooding thereof. A general verdict was returned in favor of the manufacturing company, which is amply warranted by the evidence in the case, if under these facts the city rested under a liability.
 

 We think that the facts pleaded and proven do establish a liability against the city for the following reasons:
 

 (1) That the city in this case maintained a
 
 *253
 
 nuisance in the street contrary to the provisions of Section 3714, 'G-eneral Code.
 

 (2) That the maintenance and upkeep of these sewers, so that they would function properly to clear the streets from excessive rainfall, was a proprietary function, in the performance of which the city is held to the duty of reasonable care.
 

 The record shows that the city, after cleaning out the storm sewer in question, upon numerous occasions permitted the refuse gathered from the catch-basins to stand upon the street in piles, and that with each succeeding rain this refuse was again washed back into the sewer. This being the case, we have here, not a mere omission upon the part of the city to perform a duty, but a positive act upon the part of the city which has resulted in the accumulation of refuse in the sewer, and the resultant maintenance of a nuisance in the street.
 

 If the city accumulated piles of rubbish in the street, over which an automobile drove in the night-time, with consequent injury to the driver or to the automobile, the city would unquestionably be liable under Section 3714, G-eneral Code, which provides:
 

 “The council shall have the care, supervision and control of public highways, streets., avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts, within the corporation, and shall cause them to be kept open, in repair and free from nuisance.”
 

 The maintenance of these piles of refuse on the street, subsequently washed into the sewers, which in itself might perhaps have been a nuisance, directly resulted in the fact that the streets were' not
 
 *254
 
 kept open upon the occasion of the storm in question, and were not free from nuisance, by the failure of the storm sewer to remove deep water accumulated upon the street; and, in permitting the conditions which caused this accumulation, the city violated Section 3714 above quoted.
 

 The next -question for decision, is whether the city, apart from Section 3714, General Code, is liable for negligence in permitting a sewer constructed and operated by it to become clogged with refuse, so that water cannot flow through the sewer; for failing to remove obstructions washed into the sewer; for neglecting to sweep the streets, so that refuse may not collect upon the streets to be washed into the sewer; and for failing to inspect the sewer, for the purpose of determining whether it has become clogged and obstructed.
 

 Ample notice of the clogging of the sewer had been given the city and therefore we are remitted to the single question whether the function of the city under the facts herein pleaded and proved is governmental or proprietary.
 

 It is well established that there is no liability resting upon a municipality for the negligent acts of its officers and agents who are performing governmental functions.
 

 “The nonliability of the city in such cases rests upon the same reasons as does that of the sovereign exercising like powers; and are distinguished from those cases in which powers are conferred on cities for the improvement of their own territory and the property of their citizens.”
 
 Frederick, Adm’x.,
 
 v.
 
 City of Columbus,
 
 58 Ohio St., 538, 546, 51 N. E., 35, 36.
 

 
 *255
 
 The weight of authority holds that the construction and institution of a sewer system is a governmental matter, and that there is no liability for mere failure to construct sewers. However, the weight of authority is equally decisive in holding that the operation and upkeep of sewers is not a governmental function, but is a ministerial or proprietary function of the city.
 

 The obligation to repair is purely ministerial. When, therefore, a municipal corporation assumes the control and management of the sewer or. drain which has been constructed in a public street under its supervision, it is bound to use reasonable diligence and care to keep such sewer or drain in good repair, and is liable in damages to any property owner injured by its negligence in this respect. Tiedeman on Municipal Corporations, Section 355; Dillon’s Municipal Corporations (5th Ed.), Section 1741;
 
 Cairns
 
 v.
 
 Chester City,
 
 34 Pa. Super. Ct., 51. See, also, the notes in 9 A. L. R., 143; 13 Ann. Cas., 470.
 

 A host of decisions have followed this rule. As explained in
 
 McCarthy
 
 v.
 
 City of Syracuse,
 
 46 N. Y., 194, the duty of the city to keep its sewers in repair “involves the exercise of a reasonable degree of watchfulness in ascertaining their condition, from time to time, and preventing them from becoming dilapidated or obstructed. Where the obstruction or dilapidation is an ordinary result of the use of the sewer, which ought to be anticipated and could be guarded against by occasional examination and cleansing, the omission to make such examinations and to keep the sewers clear is a neglect of duty which renders the city
 
 *256
 
 liable.
 
 Barton
 
 v.
 
 The City of Syracuse,
 
 37 Barbour, 292, affirmed 36
 
 N.
 
 Y.,
 
 54.”
 

 To tbe same effect is
 
 Schumacher
 
 v.
 
 City of New York,
 
 166 N. Y., 103, 59 N. E., 773, in wbicb the court says:
 

 “Having provided gutters, culverts, and sewers for the surface drainage, it was bound to the use of reasonable diligence to discover and remedy defects therein.
 
 Barton
 
 v.
 
 City of Syracuse,
 
 36 N. Y., 54;
 
 McCarthy
 
 v.
 
 City of Syracuse,
 
 46 N. Y., 194;
 
 Hines
 
 v.
 
 City of Lockport,
 
 50 N. Y., 236;
 
 Nims
 
 v.
 
 Mayor, etc., of Troy,
 
 59 N. Y., 500;
 
 Mayor, etc. of N. Y.
 
 v.
 
 Furze,
 
 3 Hill, 612.”
 

 We have been pointed to no Ohio case from this court making a contrary holding, and the overwhelming weight of authority in other states affirms this rule. Among the important decisions which follow this doctrine are
 
 Powers
 
 v.
 
 City of Council Bluffs,
 
 50 Iowa, 197;
 
 Bates
 
 v.
 
 Inhabitants of Westborough,
 
 151 Mass., 174, 23 N. E., 1070, 7 L. R. A., 156. A part of the syllabus in the latter case reads as follows:
 

 “A town is liable to a landowner for damages resulting from neglect to keep its sewers free from obstructions. # * *
 

 “A town discharged a system of sewers into a drain built by it on private land under a lease for a definite term. After the expiration of the term, the drain was permitted to remain, and received the drainage as before of which it was the necessary outlet, and through the neglect of the town became choked up, thereby flooding other land. The owner of this land thereupon brought an action for such flowage against the town, which
 
 *257
 
 thereafter under agreement -with the lessor built and maintained a new and sufficient drain in the same place. Held, that • the action could be maintained.”
 

 In
 
 Vanderslice
 
 v.
 
 City of Philadelphia,
 
 103 Pa., 102, the court holds that:
 

 “Where a municipality has undertaken to construct a sewer, it is its duty to construct it properly and to keep it in good condition and repair; failure to perform these duties will render the city liable in damages.”
 

 Murphy
 
 v.
 
 City of Indianapolis,
 
 158 Ind., 238, 63 N. E., 469, announces the same rule, as follows:
 

 “Municipal corporations in the construction and maintenance of sewers and drains act. ministerially, and their negligence in that particular may be made the basis of an action.”
 

 City of Chicago
 
 v.
 
 Seben,
 
 165 Ill., 371, 46 N. E., 244, 56 Am. St. Rep., 245, holds in the fifth and sixth paragraphs of the syllabus:
 

 “5. The construction and regulation of sewers, built upon the adoption of a general plan, are ministerial duties, and a municipal corporation is responsible in actions for damages caused by its careless or unskillful manner of performing its work.
 

 “6. While the legal obligation of a municipal corporation organized under the general law to construct gutters and sewers is one which is voluntarily assumed, yet, having assumed the obligation and constructed a sewer, it must keep the same in repair, and is liable in damages for failure to do so.”
 

 Holding as we do that the function of the city
 
 *258
 
 in the maintenance and upkeep of sewers is proprietary and not governmental, this decision presents no conflict with the case of
 
 Aldrich
 
 v.
 
 City of Youngstown,
 
 106 Ohio St., 342, 140 N. E., 164, 27 A. L. R., 1497, and
 
 City of Akron
 
 v.
 
 Butler,
 
 108 Ohio St., 122, 140 N. E., 324.
 

 This being the only question raised by the plaintiff in error, and the evidence amply sustaining the verdict, we find no error in the record and affirm the judgment.
 

 Judgment
 
 affirmed,
 

 Marshall, O. J., Matthias, Day and Kinkajde, JJ., concur.
 

 Jones, J., concurs in judgment.