SEWERAGE COMMISSION OF CITY OF
MILWAUKEE v. ACTIVATED
SLUDGE, Inc.

No. 5476.

Circuit Court of Appeals, Seventh Circuit.

Jan. 14, 1936.

Max Raskin, Wm. F. Quick, and Louis Quarles, all of Milwaukee, Wis., for appellant.

Lynn A. Williams, Clifford C. Bradbury, Warren C. Horton, and Casper William

Ooms, all of Chicago, Ill., and George B. Hudnall, of Milwaukee, Wis., for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

This appeal is from an interlocutory decree of the District Court enjoining the Sewerage Commission of the City of Milwaukee from selling any activated sludge, fertilizer, or "Milorganite," produced in its sewage disposal plant by the use of the patented processes and apparatus, in infringement of appellee's patents, previously held valid and infringed by this court. City of Milwaukee v. Activated Sludge, 69 F. (2d) 577.

After the decree in the main suit against the City of Milwaukee was entered February 25, 1933, this suit for damages was begun against the Sewerage Commission, the City for the first time having raised the objection that it was not the proper party to be sued. The bill against the Commission incorporated all the record and proceedings in the case against the City. This court affirmed the case against the City (except as to injunctive relief) March 2, 1934 [69 F. (2d) 577], and on the same day, in the instant suit against the Commission this court affirmed an order denying the motion to dismiss. 69 F.(2d) 594. This is the second appeal in the suit against the Commission.

In addition to the defenses litigated by the City in the previous suit, the Commission asserts it has advanced new grounds not hitherto presented. It contends that the former decree against the City is not *res judicata* as to it, having been entered in a suit in which the present defenses could not be pleaded (being personal to the Commission) and to which suit the Commission was not a party. The most important ground which is allegedly advanced for the first time is that the Commission acted under an implied license arising from the acts of the parties or under a statutory license, under section 4899, Revised Statutes (35 U.S.C.A. § 48 [1]).

The District Court found that the facts relied upon to constitute this defense failed to satisfy the requirements of the statute and failed to sustain this asserted defense.

The Commission contends that the evidence amply supports its claim of license. It also argues that the substance, Milorganite, made from the residue of the sludge, is the result of an unpatented process by it developed; that if the injunction against its sale be upheld the plant will have to cease operation or the sewage be thrown into Lake Michigan; that inasmuch as no final decree has been entered in the suit against the City the doctrine of *res judicata* is inapplicable and the Commission may raise such defenses as were not heretofore presented. It also argues that appellee comes into court with unclean hands and that the Commission, being an agency of the .State, may not be sued without the State's consent manifested by legislative action.

In addition to advancing *res. judicata,* appellee contends that the defense of license was not pleaded; that there is no merit in it; that the Commission is not immune from suit; that Milorganite is produced by the patented activated sludge process.

The Commission concedes "without reservation that it is bound by the finding of the District Court and the affirmance by this court as to the validity of the patents."

■ *Res Judicata.* Is the Commission precluded by the prior decree on the merits of the suit against the City, from presenting defensive issues in the instant suit which were not presented, although available, in the previous suit? The prior decree was an interlocutory one, affirmed on appeal.

We are committed to the rule that for the purpose of the doctrine of *res judicata* an interlocutory decree, affirmed on appeal, "which in fact finally determines the issues presented by the pleadings and settles the controversies over the subject-matter involved, is sufficiently final to determine other litigation between the same parties respecting the same issues, regardless of the fact that it may be in legal nomenclature termed an interlocutory decree, * * " and "Final, as used by the courts when dealing with the subject of *res judicata,* is not to be determined by adjective terms." Larkin Automotive Parts Co. v. Bassick Mfg. Co. (C.C.A.) 19 F.(2d) 944. See, al-

[1] "Every person who purchases of the inventor, or discoverer, or with his knowledge and consent constructs any newly invented or discovered machine, or other patentable article, prior to the application by the inventor or discoverer for a pat-

ent, or who sells or uses one so constructed, shall have the right to use, and vend to others to be used, the specific thing so made or purchased, without liability therefor."

so, In re Potts, 166 U.S. 263, 17 S.Ct. 520, 41 L.Ed. 994; John Simmons Co. v. Grier Bros. Co., 258 U.S. 82, 42 S.Ct. 196, 66 L. Ed. 475; Carson Investment Co. v. Anaconda Copper Mining Co. (C.C.A.) 26 F. (2d) 651; Joseph T. Ryerson & Son v. Bullard Machine Tool Co. (C.C.A.) 79 F.(2d) 192. The Supreme Court, in the case of Grubb v. Public Utilities Comm., 281 U.S. 470, 50 S.Ct. 374, 378, 74 L.Ed. 972, held that "a judgment upon the merits in one suit is *res judicata* in another where the parties and subject-matter are the same, not only as respects matters actually presented to sustain or defeat the right asserted, but also as respects any other available matter which might have been presented to that end. Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 319, 47 S.Ct. 600, 71 L.Ed. 1069; United States v. Moser, 266 U.S. 236, 241, 45 S.Ct. 66, 69 L.Ed. 262; Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195."

In disposing of this question of *res judicata*, we accept as a verity the fact that the Commission was represented by counsel in the trial of the suit against the City of Milwaukee and that such counsel in reality conducted the defense on behalf of said City. We agree with Judge Geiger that under such circumstances the decree rendered against the City of Milwaukee is binding upon appellant. In other words, the doctrine of *res judicata* applies.

Without discussing the questions further we dispose of the other issues as follows:

The evidence supports appellee's contentions as above stated, that no implied license to use the patented process was shown and that no license as recognized by 35 U.S. C.A. § 48, was created. The District Court found against appellant on both of these issues.

We are also satisfied that appellant is subject to suit without first obtaining the consent of the State of Wisconsin. Portsmouth v. Mitchell Mfg. Co., 113 OhioSt. 250, 148 N.E. 846, 43 A.L.R. 961; State ex rel. Saunders v. Kohnke (1903) 109 La. 838, 33 So. 793; Asbestine Tiling & Mfg. Co. v. Hepp et al. (C.C.) 39 F. 324.

The exception to that portion of the decree which enjoins appellant "from selling or offering for sale any activated sludge, fertilizer, 'Milorganite,' or other product produced directly or indirectly in or by the use of any process or apparatus * * * *provided, however,* that * * (appellant) may continue the sale of said products upon the condition that all the proceeds and moneys realized therefrom shall immediately be deposited with and impounded by the Clerk of this Court to be disbursed by him in accordance with the further orders of this * * Court" raises a different and a more difficult question.

The object of the provision is apparent. The welfare of the citizens of Milwaukee and the financial responsibility of appellant justified the court in conditionally lifting the injunctional decree. The sole question on appeal is the correctness of that part of the court's order which requires appellant to pay into court the entire proceeds derived from the sale of its fertilizer. Appellant contends that the order is unnecessarily harsh. It asserts its inability to comply with these terms and a closing of its sewage plant will endanger the health of Milwaukee. This result will afford appellee no substantial benefit. In short, appellant asserts it will, if this decree is affirmed, be required to pay a money award. Until the amount is determined, however, it cannot make payment. To require it to turn over the gross receipts from the sale of its fertilizer would render the future operation of its business hazardous, if not impossible. It likewise argues that there is no relationship between this sum and the amount it will ultimately be required to pay either as reasonable royalty or profits.

It is quite impossible to conceive of an accounting where all sums realized from the sale of Milorganite will be found to be profits. The evidence seems to indicate that the City of Milwaukee has been ingenious and resourceful in developing a market for a by-product of its sewage treated by the activated sludge process. By so doing it has not only relieved the City of Milwaukee from the dangers of disease, but it has provided a source of revenue. It is likewise clear that if a reasonable royalty rather than profits be the measure of appellee's recovery, then the total proceeds of the sale of Milorganite would many times exceed the amount of the royalty. Appellant's ability to pay and the assurance of its counsel that it will pay the amount ultimately fixed by the courts are factors which we cannot ignore.

A requirement that all the proceeds of the sale of Milorganite be paid as a condition for lifting an injunction is so excessive as to necessitate its modification. The total amount of revenue derived from sale of Milorganite is, at the most, only slightly

related to the amount of royalty payments. While not intending to fix the amount of royalty, we think fifteen per cent. of the proceeds of the sale would be the maximum that should be paid as a condition of appellant's right to continue to treat the sewage.

The decree will be modified so that instead of the entire proceeds of the sale of Milorganite, or other product produced directly or indirectly by the process represented by the appellee's patents, the said Commission shall pay, until the further order of the court, fifteen per cent. of the amount realized from the sale of said products. This order is made, however, with the understanding that the same may be modified by the District Court at any time upon proper showing either during or at the termination of the hearing on the accounting. If appellee does not proceed diligently with the accounting the payments required of appellant should cease. Likewise, if all the patents involved shall expire before the accounting shall be completed, the payments should cease.

As modified the decree is affirmed. The cost of this appeal shall be borne equally.