**JANSEN, Appellee v. CINCINNATI (City), Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6335.    Decided March 20, 1944.

Messrs. Cors, Scherer & Hair, Cincinnati, for apellee.

Mr. John D. Ellis, Mr. Ed. F. Alexander, and Mr. J. B. Grause, Jr., Cincinnati, for appellant.

**OPINION**

By HILDEBRANT, J.

This is a personal injury suit, wherein plaintiff, a relief worker for the City, while standing at the rear of his truck,

parked in an areaway maintained by the City in the rear of a relief headquarters building, was pinned between the rear of his own truck and that of a city truck operated by one Burt, also a city relief worker, who backed the same out of a garage opening onto said areaway.

There was a jury verdict for plaintiff below and this appeal is from the overruling of motion for judgment for defendant non obstante veredicto.

There is no substantial evidence in the record that Burt, the driver who backed the City truck out of the garage, ever performed any services for the City other than those incidental to the Welfare Department in administering its relief program, the character of those services being, of course, governmental, as distinguished from proprietary in nature. There is no evidence in the record whatsoever as to the nature of Burt's assignment of duty at the time of the alleged injury.

The case of **City of Akron v. Butler, 108 Oh St., 122,** is dispositive of this case; the syllabus being:

"Where the plaintiff in an action against a municipality to recover damages for personal injuries caused by the negligence of a servant of the municipality fails to offer any evidence tending to prove that the servant at the time was engaged in the performance of a proprietary function of the municipality, as distinguished from a governmental function delegated by the soverign state, a motion to direct a verdict at the close of the plaintiff's case should be sustained."

See, also: **Davis v. Shutrump Co., 140 Oh St., 89.** At page 96 of the opinion it is stated:

"Accordingly, the rule almost universally recognized is that in the absence of statutory provision to the contrary there can be no recovery against a municipal corporation occasioned by its negligence or nonfeasance in the exercise of functions essentially governmental in character. **City of Akron v Butler, supra; City of Wooster v Arbenz, supra; City of Portsmouth v Mitchell Mfg. Co., 113 Oh St., 250, 148 N. E., 846, 43 A. L. R., 961; Selden v City of Cuyahoga Falls, 132 Oh St., 223, 225, 6 N. E. (2nd), 976; Aldrich v City of Youngstown, 106 Oh St, 342, 140 N. E., 164, 27 A. L. R., 1497.**"

Plaintiff's contention that §3714-1 GC, is applicable must fail on authority of **State of Ohio v Root, 132 Oh St, 229.**

By reason of the foregoing, other assignments of error herein are not considered, and it was error to overrule the mo-

tion for judgment non obstante veredicto.

The judgment is reversed and final judgment is here entered for the defendant.

ROSS, P. J., & MATTHEWS, J., concur.