OPINION
{¶ 1} Appellant Nimishillen Township ("the township") appeals the decision of the Stark County Court of Common Pleas, which granted judgment in favor of Appellee/Cross-Appellant Groffre Investments, Inc. ("Groffre"), in a lawsuit seeking damages and township repair of a drainage system. The relevant facts leading to this appeal are as follows.
 {¶ 2} In July 2002, Appellee Groffre Investments purchased a parcel of land in Nimishillen Township known as the "Macomber Property," the former site of the Macomber Steel facility. The property, which sits lower than much of the surrounding land, has had a history of flooding problems, which was known to Groffre at the time of purchase. Groffre and the township eventually discovered that the sanitary sewer line was installed so as to infringe upon the flow line of the storm water sewer in at least one location.
 {¶ 3} On July 29, 2003, following a flooding incident, Groffre filed a combined petition for a writ of mandamus and civil complaint against, inter alia, Nimishillen Township and its trustees, alleging that the drainage system caused flooding to the property, amounting to a taking of private property by the township for public use without compensation. An amended petition/complaint was filed on August 21, 2003. The township filed its answer on September 10, 2003, and a motion for summary judgment on November 19, 2003. Groffre filed a memorandum contra, and on December 5, 2003, the trial court partially sustained and partially denied the township's motion for summary judgment, concluding that the maintenance of storm water ditches is a proprietary function and therefore, the township was not immune from liability. Judgment Entry, Dec. 5, 2003, at 3. However, the township's motion for summary judgment as to Groffre's nuisance claim was granted.
 {¶ 4} The township thereafter filed an appeal to this Court. Upon review, we overruled the township's sole assignment of error, concluding the trial court had not erred when it found the township was not entitled to immunity on Groffre's negligence claim. See Nimishillen Twp. Trustees v. State ex rel. GroffreInvestments, Stark App. No. 2003CA00410, 2004-Ohio-3371.
 {¶ 5} The remaining issues were tried before a magistrate on November 8, 2004. The magistrate issued her decision on December 3, 2004. The magistrate again concluded that the township was not entitled to immunity under the Ohio Revised Code, and found in favor of Groffre on its claim for negligence. The magistrate further recommended the issuance of a writ of mandamus. The township thereafter filed an objection to the decision of the magistrate. On December 29, 2004, the trial court issued a judgment entry denying the township's objections.[1] On January 13, 2005, the trial court issued another judgment entry, adding provisions regarding the amount of time the township would have in making repairs to the drainage system. Said judgment entry utilized Civ.R. 54(B) "no just cause for delay" language.
 {¶ 6} On February 11, 2005, the township filed a notice of appeal. It herein raises the following five Assignments of Error:
 {¶ 7} "I. THE TRIAL COURT ERRED IN RENDERING JUDGMENT IN FAVOR OF PLAINTIFF GROFFRE ON THE NEGLIGENCE CLAIM WHERE PLAINTIFF FAILED TO ESTABLISH THE EXISTENCE OF A LEGAL DUTY.
 {¶ 8} "II. THE TRIAL COURT ERRED IN RENDERING JUDGMENT IN FAVOR OF PLAINTIFF GROFFRE ON THE NEGLIGENCE CLAIM WHERE PLAINTIFF FAILED TO MEET ITS' (SIC) BURDEN OF PROOF IN ESTABLISHING THE NEGLIGENT PERFORMANCE OF A PROPRIETARY FUNCTION.
 {¶ 9} "III. THE TRIAL COURT ERRED IN RELYING UPON A 1994 OHIO ATTORNEY GENERAL OPINION REGARDING TOWNSHIP'S LEGAL DUTIES REGARDING ROADS WHERE R.C. CHAPTER 2744 HAS BEEN AMENDED TO ELIMINATE SUCH DUTIES CONCERNING ROADS AND THE TRIAL COURT HAD PREVIOUSLY GRANTED THE TOWNSHIP'S MOTION FOR SUMMARY JUDGMENT CONCERNING THE NUISANCE EXCEPTION.
 {¶ 10} "IV. THE TRIAL COURT ERRED IN DENYING NIMISHILLEN TOWNSHIP'S MOTION FOR SUMMARY JUDGMENT.
 {¶ 11} "V. THE TRIAL COURT OTHERWISE ERRED IN ISSUING A WRIT OF MANDAMUS GENERALLY ORDERING THE TOWNSHIP TO REPAIR AND MAINTAIN THE STORM WATER DRAINAGE SYSTEM."
 {¶ 12} Appellee filed a notice of cross-appeal on February 22, 2005, and hereby raises the following assigned error on cross-appeal.
 {¶ 13} "I. THE TRIAL COURT ERRED IN GRANTING APPELLANT NIMISHILLEN TOWNSHIP'S MOTION FOR SUMMARY JUDGMENT ON APPELLEE'S NUISANCE CLAIM.
 Township's Appeal {¶ 14} As an initial matter, we must address Appellee Groffre's responsive assertion that the township failed to timely file a transcript of the November 8, 2004 trial before the magistrate. Appellee's Brief at 1. See, also, Groffre Response to Objection to the Magistrate's Decision, Dec. 27, 2004, at 4. The record indeed includes a transcript of the trial; however, this transcript was not filed until March 11, 2005, more than two months after the trial court issued its judgment entry overruling the township's objections. Furthermore, the trial court docket gives no indication that the township filed a praecipe for transcript prior to the notice of appeal to this Court. The township's reply to this issue (see Appellant's Reply Brief at 1) focuses solely on the magistrate's hearing on the preliminary injunction of October 6, 2004, a separate proceeding from the magistrate's trial at issue. We therefore find the trial court, when it reviewed appellant's Civ.R. 53 objections, did not have the benefit of a transcript of the magistrate's trial of November 8, 2004.
 {¶ 15} We have held on numerous occasions that where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established. See, e.g., State v. Leite (April 11, 2000), Tuscarawas App. No. 1999AP090054. Thus, based on the foregoing, our present review will be limited to a review of the trial court's actions in light of the facts as presented in the magistrate's decision. SeeState ex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, 730, 654 N.E.2d 1254.
 I., II. {¶ 16} In its First and Second Assignments of Error, the township contends the court erred in granting judgment in favor of Groffre as to the claim for negligence. We disagree.
 {¶ 17} Political subdivisions are shielded from civil liability under R.C. Chapter 2744. R.C. 2744.02(A)(1) outlines this immunity, subject to enumerated exceptions:
 {¶ 18} "For purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."
 {¶ 19} In the case sub judice, the magistrate correctly recited that R.C. 2744.02(B) provides five exceptions to the immunity created in R.C. 2744.02(A)(1) for political subdivisions. See Wilson v. Stark Cty. Dept. of Human Serv.
(1994), 70 Ohio St.3d 450, 451, 639 N.E.2d 105. One of these exceptions, R.C. 2744.02(B)(2), establishes liability of political subdivisions for injuries caused by negligent acts performed by employees with respect to proprietary functions.Eischen v. Stark County Bd. of Com'rs, Stark App. No. 2002CA00090, 2002-Ohio-7005.
 {¶ 20} In Groffre I, we agreed with the trial court's conclusion that the maintenance of a storm water drainage system is a proprietary function and therefore, the township was not immune from liability. Accordingly, we concluded the trial court did not err when it found the township was not entitled to immunity on Groffre's negligence claim. The township at certain points in its argument seeks to reassert immunity issues; however, based on the doctrine of the law of the case, we will not further analyze this issue, as it was fully addressed inGroffre I.
 {¶ 21} We thus proceed to appellant's arguments pertaining to the township's duty in the underlying negligence action. The trial court essentially concluded that the duty of the township to maintain the sewer system at issue is derived from any one of the following sources: (1) The township's statutory duty to repair and maintain its roads, as outlined in OAG Opinion No. 81-039; (2) The duty of a political subdivision to maintain a private sewer system that it has used, controlled, and/or maintained in the past; (3) The common law duty to act reasonably in discharging surface waters onto neighboring properties.
 {¶ 22} The township first claims that since the issuance of the aforesaid OAG opinion, the General Assembly has narrowed the definition of public road so as not to include "berms, shoulders, and rights-of-way." See R.C. 2744.01(H), as amended April 9, 2003. This issue constitutes appellant's Third Assignment of Error, and will be further analyzed infra.
 {¶ 23} The thrust of the township's remaining argument is that it cannot be liable in a negligence action for water damage as "* * * there was no evidence whatsoever that the Township had installed or constructed the stormwater drainage system." Appellant's Brief at 11. However, "[w]hen a municipal corporation assumes the control and management of a storm sewer which has been constructed in a public street under its supervision, it is bound to use reasonable diligence and care to see that such storm sewer is not clogged with refuse, and is liable for negligence in the performance of such duty to a property owner injured thereby, after reasonable notice of the clogged condition of such sewer."City of Portsmouth v. Mitchell Mfg. Co. (1925),113 Ohio St. 250, 148 N.E. 846. Thus, we find the real issue in the case sub judice is whether the court erred in concluding the township had maintained sufficient control of the system such as to be subject to a negligence action.
 {¶ 24} The magistrate found that James Jeffries, a partner in Groffre Investments, noticed in May 2003 that a catch basin on an unimproved portion of Violand Avenue, just north of the Macomber Property, appeared to be restricted and causing flooding. He thereupon arranged for excavation, and it was determined that a clay tile storm pipe had been cut and repaired with a section of corrugated plastic pipe. Jeffries contacted local authorities, and upon their further excavation by the township, it was discovered that the storm line had been previously broken in order to accommodate a sanitary sewer line, and that the break in the storm line had been repaired as described above. This flow restriction had been further exacerbated by errant concrete from the break repair. The township spent about four hours excavating the area, then removed the plastic pipe and an obstructing log, and taped the area off.
 {¶ 25} The magistrate also made the following findings as to certain earlier events:
 {¶ 26} "William Jeffries a partner in Groffre Investments testified that he was a trustee in Nimishillen Township from November of 1996 until December of 1997. During this time a woman living in a home located near the intersection of Cassidy and Sandell experienced flooding of her property. This flooding was caused by the roadside ditch on Cassidy flooding and the resulting groundwater flowing south through her property. In order to prevent this flooding Nimishillen Township installed a pipe in the drainage ditch. The effect of the installation of this pipe was to prevent the water that previously flooded the woman's house from escaping the ditch. The water that had previously flooded the area was redirected into the ditch located on Cassidy Street. This project was done under the supervision of the Stark County Engineer. The result of this project was that the volume of water flowing through the ditch on Cassidy and the storm sewer running under Cassidy, Violand, Kathryn, and Macomber property was increased.
 {¶ 27} "Ty Reiter, the Nimishillen Township Roads Superintendent, testified that he had previously rebuilt the catch basin located on Violand Avenue. This repair occurred prior to him becoming the Roads Superintendent. He has been the Roads Superintendent for three years. During cross examination of both Ty Reiter and Russ Goffus, these witnesses admitted that Nimishillen Township used the storm sewers to drain the water from its roads, and that Nimishillen Township is responsible to repair the portions of the sewer that run under its right of ways." Magistrate's Decision, paragraphs 18-20.
 {¶ 28} As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction
(1978), 54 Ohio St.2d 279, 376 N.E.2d 578.
 {¶ 29} Based on our limited review of the trial court's adoption of the facts found by the magistrate (Duncan, supra), we find no error in the court's conclusion that the township had exerted control over the area's drainage system via its acts of maintenance, resulting in judgment in favor of Groffre as to its negligence claim against appellant.
 {¶ 30} Appellant's First and Second Assignments of Error are therefore overruled.
 III. {¶ 31} In its Third Assignment of Error, the township contends the court erred in relying on certain Ohio Attorney General Opinions in granting judgment in favor of Groffre as to the claim for negligence. We disagree.
 {¶ 32} The township essentially contends that the OAG opinions at issue have been supplanted by changes to R.C. Chapter 2744 and the 1981 repeal of R.C. Chapters 6139 and 6141. Groffre responds that R.C Title 55 controls, including the following definition in R.C. 5501.01(C): "`Road' or `highway' includesall appurtenances to the road or highway, including but not limited to, bridges, viaducts, grade separations, culverts, lighting, signalization, and approaches on or to such road or highway." (Emphasis added.) Nonetheless, based on our analysis of appellant's First and Second Assignments of Error, assuming, arguendo, the trial court erroneously relied on the cited OAG opinions, there existed sufficient alternate grounds for finding in favor of Groffre.
 {¶ 33} Appellant's Third Assignment of Error is therefore overruled.
 IV. {¶ 34} In its Fourth Assignment of Error, the township contends the court erred in denying its motion for summary judgment as to the writ of mandamus. We disagree.
 {¶ 35} The township herein proposes that once the court found, via its summary judgment decision, that Groffre had a colorable claim in negligence, then the court should have granted the township summary judgment as to the writ of mandamus petition.
 {¶ 36} The proper remedy for a taking of private property is an action for a writ of mandamus ordering the political body responsible for the taking to institute appropriation proceedings. Elsass v. Shelby County Board of Commissioners
(2001), 92 Ohio St.3d 529. Groffre's negligence claim referred to a specific instance of flooding in July 2003 that caused water damage to one of its buildings. The mandamus action sought compensation for the continued "taking" on the Macomber property due to periodic flooding. Hence, under the circumstances of the case sub judice, the claims are not mutually exclusive, as the township asserts. Furthermore, in Groffre I, this Court asserted jurisdiction over the township's appeal of the denial of its summary judgment motion. The township presently provides no explanation for its decision not to appeal the "writ" aspect of the summary judgment denial as part of its arguments in GroffreI.
 {¶ 37} Appellant's Fourth Assignment of Error is therefore overruled.
 V. {¶ 38} In its Fifth Assignment of Error, the township maintains the trial court erred in its issuance of a writ generally ordering the township to repair and maintain the drainage system at issue. We disagree.
 {¶ 39} A review of the record reveals that despite the trial court's directive for each side to file briefs as to the writ petition, specifically concerning necessary repairs and the timelines therefor (see Magistrate's Decision at 15), appellant chose not to comply. It is well-established that a litigant cannot be permitted, either intentionally or unintentionally, to induce or mislead a court into the commission of an error and then procure a reversal of the judgment for an error for which he was actively responsible. State v. Kollar (1915),93 Ohio St. 89, 91, 112 N.E. 196.
 {¶ 40} Appellant's Fifth Assignment of Error is overruled.
 Groffre Cross-Appeal {¶ 41} In its sole Assignment of Error on cross-appeal, Appellee Groffre contends the trial court erred in granting summary judgment in favor of the township on the nuisance claim.
 {¶ 42} The Supreme Court of Ohio has ruled: "Where the court of appeals determines that the trial court committed no error prejudicial to the appellant in any of the particulars assigned and argued in the brief thereof, App.R. 12(B) requires the appellate court to refrain from consideration of errors assigned and argued in the brief of appellee on cross-appeal which, given the disposition of the case by the appellate court, are not prejudicial to the appellee. The judgment or final order of the trial court should, under such circumstances, be affirmed as a matter of law by the court of appeals." Pang v. Minch (1990),53 Ohio St.3d 186, 191, 559 N.E.2d 1313, paragraph eight of the syllabus. In the case sub judice, Groffre concedes that in the event we have affirmed the decision of the trial court on direct appeal, the cross-appeal would not result in additional damages or remedies in favor of Groffre. Brief of Cross-Appellant at 4.
 {¶ 43} Appellee Groffre's sole Assignment of Error on cross-appeal is therefore overruled on grounds of mootness.
 {¶ 44} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J. Gwin, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs to appellant.
[1] The December 29, 2004 judgment entry states "* * * the Court finds the objections not well taken, and hereby DENIES the same." We note the better practice for trial courts addressing Civ.R. 53 objections, particularly where the judge has already signed the magistrate's decision, is to both indicate whether or not the objections are being overruled and whether the court is adopting, modifying or adhering to the original decision. See Civ.R. 53(E)(4)(c). See, also, Motycka v. Motycka (Oct. 12, 2000), Van Wert App. No. 15-2000-3, quoting Walker v. Walker
(Aug. 5, 1987), Summit App. No. 12978.