OPINION
{¶ 1} Plaintiff-appellant Harry J. Estes [hereinafter appellant] appeals from the July 29, 2005, Judgment Entry of the Tuscarawas County Court of Common Pleas which granted summary judgment in favor of defendant-appellee Village of Gnadenhutten [hereinafter appellee].
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November 16, 2004, appellant filed a complaint in the Tuscarawas County Court of Common Pleas in which appellant claimed that appellee came onto appellant's real property to install water and sewer lines to an adjacent property without appellant's permission and consent. Appellant contended that as a result, appellee acquired possession of a portion of the real property owned by appellant without appellant's permission and/or compensation and that the water and sewer lines remained as an encroachment upon appellant's real estate. In the trial court and appeal, appellant characterizes his complaint as one of appropriation.
 {¶ 3} On May 9, 2005, appellee filed a motion for summary judgment. In that motion, appellee argued that 1) appellee never entered onto appellant's property as evidenced by an affidavit of the Mayor of the Village of Gnadenhutten; and 2) appellee is immune from liability pursuant to the Political Subdivision Tort Liability Act, R.C. Chapter 2744.
 {¶ 4} Appellant filed a motion in response. In an attached affidavit, Willard (Doc) Baric, who was the tenant on the adjacent property, stated that during the summer of 2001, Randy Mattison, who at that time was the head of the water department for the Village of Gnadenhutten, installed a water line and a sewer line for the trailer in which Doc Baric was living. Baric stated that this water and sewer line ran from his trailer across the back of a building on appellant's property and connected to the sewer and water lines that were located on appellant's property.
 {¶ 5} On July 29, 2005, the trial court issued a Judgment Entry in which it granted appellee's motion for summary judgment and dismissed appellant's complaint.
 {¶ 6} It is from the July 29, 2005, Judgment Entry that appellant appeals, raising the following assignment of error:
 {¶ 7} "THE TRIAL COURT ERRED IN GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHILE GENUINE ISSUES OF MATERIAL FACT REMAINED IN DISPUTE."
 {¶ 8} In the sole assignment of error, appellant contends that the trial court erred when it granted summary judgment in favor of appellee. We disagree.
 {¶ 9} This matter reaches us upon a grant of summary judgment. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56(C) which provides the following, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 10} It is pursuant to this standard that we review appellant's assignment of error.
 {¶ 11} Appellant has characterized and stated his claim as one of appropriation of property, citing R.C. 163.02 and Article7, Section 19 of the Ohio Constitution. However, the proper remedy for an appropriation claim is a writ of mandamus ordering the political body responsible for the taking to institute appropriation proceedings. Elsass v. Shelby County Board ofCommissioners (2001), 92 Ohio St.3d 529, 751 N.E.2d 1032; Stateex rel. Groffre Investments v. Nimishillen Township Trustees,
Stark App. No. 2005CA00048, 2005-Ohio-5821. Since appellant did not file an action for a writ of mandamus, summary judgment was appropriate.
 {¶ 12} For the foregoing reasons, we find that the trial court did not err when it granted summary judgment in favor of appellee.
 {¶ 13} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.
Edwards, J., Hoffman, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to appellant.