OPINION
{¶ 1} Appellant, Bethel Township Trustees appeal from the judgment of the Clark County Common Pleas Court denying their motion for summary judgment on the issue of political subdivision tort immunity. The township claims that it is immune from liability for damages caused by the backup of storm water on the plaintiffs' property. *Page 2 
Because we find that there are material issues of fact as to whether the township's immunity extends to the alleged negligent maintenance of the stormwater drainage system, we affirm the trial court's judgment.
 {¶ 2} The plaintiffs, James and Judy Lynn Holbrook ("Holbrook") have resided on the east side of Victory Road, in Springfield Township, since 1976. In 1994, a residence was built on what had previously been farm land, across from the Holbrook residence, on the west side of Victory Road. This house is located in Bethel Township, and it was purchased by the defendants, Brandenburgs, from the original builder.
 {¶ 3} The natural drainage of surface water in this location is from east to west. Water from the watershed above Holbrook's home drains through a swale across the Holbrook property to a two pipe culvert that runs under Victory Road. The culvert pipes under Victory Road join an open culvert on Brandenburg's property constructed by Bethel Township along the west side of Victory Road. The natural drainage then continues west across the Brandenburg property.
 {¶ 4} Prior to the construction of the Brandenburg property, the natural drainage continued through what is now the Brandenburg property, where the Brandenburg home was built. Holbrook claims that he advised the builder that there would be drainage problems due to the location of the home. In an attempt to correct the natural drainage, the builder of the Brandenburg home installed a tile ditch from the culvert under Victory Road around the Brandenburgs' home into the field to the west of the Brandenburg home, to where the water formerly drained naturally. This tile was not effective; however, and was subsequently removed prior to the Brandenburgs' purchase of the home. Brandenburg admitted that he was aware that the home had *Page 3 
been built in a runoff area.
 {¶ 5} After Brandenburg purchased the home, he asked Bethel Township on at least two occasions to correct the situation. Bethel Township refused, referring Brandenburg to Springfield Township. After Springfield Township failed to help, Brandenburg went back to Bethel Township, receiving negative responses from two of the Trustees.
 {¶ 6} Thereafter, in 1997, Brandenburg started blocking the culvert pipes under Victory Road, with bags of trash, causing the water to back up onto and flood the Holbrook property, and causing flooding in the Holbrook home. Holbrook repeatedly removed the blockages from the culvert pipes so the water could drain naturally.
 {¶ 7} Eventually, Brandenburg built an earthen dam around the culvert pipes and, in 2002, he completely encased the culvert with a concrete and cinder block enclosure covered by a steel plate. Prior to enclosing the culvert, Brandenburg notified the Bethel Township Trustees and obtained their permission to add this structure to the township drainage system. This dam has caused the flooding of the Holbrook home to worsen and has caused the house to sink on its foundation.
 {¶ 8} Throughout this ordeal, Holbrook also made numerous complaints to Bethel Township to no avail. In one meeting, Holbrook claims that one of the Bethel Township Trustees insisted that Holbrook pay to correct the situation, despite the fact that Holbrook had done nothing to cause the problem. When Holbrook refused, he claims that this Trustee threatened to "shoot that water right up there, (indicating the south end of the Holbrook property, which lies above the flooding area)."
 {¶ 9} Despite the dispute between the Holbrooks and the Brandenburgs being *Page 4 
well-known to the Bethel Township Trustees, and despite many years of complaints from both parties regarding the flooding of these properties, the township had no policy regarding storm water management, and no action had been taken to address the flooding problems in this area prior to this action being filed.
 {¶ 10} In 2003, Holbrook filed suit against Brandenburg and Bethel Township. Holbrook's claims against Bethel Township allege that Bethel Township negligently maintained the culvert pipes that passed under Victory Road, and that they negligently and recklessly allowed Brandenburg to tamper with the drainage system. Bethel Township moved for summary judgment claiming that they were entitled to immunity under R.C. Chapter 2744; that even if they are not immune, their maintenance was not negligent; and that the "public duty rule" bars liability. The trial court denied the summary judgment motion with no discussion or explanation of its decision.
 {¶ 11} It is from this decision that Bethel Township appeals, setting forth one assignment of error for our review:
 {¶ 12} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT, BETHEL TOWNSHIP TRUSTEES, WHEN IT DENIED THE DEFENDANT-APPELLANT'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF POLITICAL SUBDIVISION TORT IMMUNITY."
 {¶ 13} Bethel Township argues that the trial court should have granted summary judgment in its favor based on sovereign immunity. For the following reasons, we disagree.
 {¶ 14} Summary judgment pursuant to Civ. R. 56 should be granted only if no genuine issue of material fact exists; the moving party is entitled to judgment as a *Page 5 
matter of law; and reasonable minds can come to but one conclusion, which conclusion is adverse to the nonmoving party. Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46. When considering a motion for summary judgment, the evidence must be construed most strongly in favor of the nonmoving party. Id. Moreover, an appellate court reviews summary judgments de novo, independently and without deference to the trial court's determination. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241.
 {¶ 15} The Holbrooks argue that Bethel Township was negligent in its maintenance of the sewer system. To state a cause of action for negligence, the Holbrooks had to set forth four elements: 1) duty; 2) breach of that duty; 3) proximate cause; and 4) injury. The only element that appears to be undisputed in this case is that of injury; the Holbrook home was damaged by water. The township responded by filing a motion for summary judgment claiming sovereign immunity.
 {¶ 16} Sovereign immunity claims are governed by a three-tiered analysis set forth in R.C. § 2744.01, et seq. A general grant of sovereign immunity is established in R.C. § 2744.02(A)(1), which provides that a political subdivision is not liable for damages for injury, death or loss that occurs in connection with the performance of a governmental or proprietary function of the political subdivision. However, R.C. § 2744.02(B) creates exceptions to the general grant of immunity. Finally, if any of the exceptions apply, the third step is to consider the defenses set forth in R.C. § 2744.03.
 {¶ 17} Citing R.C. § 2744.02(B)(2), the Holbrooks argue that Bethel Township is not immune from suit because it was negligent in maintaining its sewer system. *Page 6 
Because that section only applies to proprietary functions, we look at whether the maintenance of a sewer system is a governmental function or a proprietary one. Bethel Township correctly points out that the "provision or nonprovision, planning or design, construction, or reconstruction of a public improvement, including but not limited to, a sewer system" is a governmental function. R.C. § 2744.01(C)(2)(l). However, as the Holbrooks note, the "maintenance, destruction, operation, and upkeep of a sewer system" is a proprietary function. R.C. § 2744.01(G)(2)(d). The Supreme Court addressed this distinction when it held, "A municipality is not obliged to construct or maintain sewers, but when it does . . . it becomes its duty to keep them in repair and free from conditions which will cause damage to private property; and in the performance of such duty the municipality is in the exercise of a ministerial or proprietary function and not a governmental function within the rule of municipal liability for tort. The municipality becomes liable for damages caused by its negligence in this regard in the same manner and to the same extent as a private person under the same circumstances." Doud v. City of Cincinnati (1949),152 Ohio St. 132, 137, 87 N.E.2d 243. See, also, Portsmouth v. Mitchell Mfg. Co.
(1925), 113 Ohio St. 250, 255, 148 N.E. 846; Nice v. City ofMarysville (1992), 82 Ohio App.3d 109, 117, 611 N.E.2d 468.
 {¶ 18} The Holbrooks having demonstrated an exception under R.C. § 2744.02(B)(2) to the general rule of sovereign immunity, Bethel Township argues that it remains immune from liability pursuant to R.C. § 2744.03 (A)(5), which states, "[t]he political subdivision is immune from liability if the injury, death, or loss to person or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other *Page 7 
resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner." Whether the township's decision to ignore years of complaints and requests for help to stem the flooding constituted the exercise of "judgment or discretion" is a question of fact. Moreover, even if the answer to that question is yes, there is still a factual issue regarding whether that judgment was malicious, in bad faith, wanton and/or reckless.
 {¶ 19} Because the determination of the township's claim of sovereign immunity requires the determination of material facts that remain in genuine dispute, summary judgment was properly denied. Bethel Township's assignment of error is overruled.
 {¶ 20} Bethel Township's assignment of error having been overruled, the judgment of the trial court is affirmed.
FAIN, J., and WOLFF, J., concur.
(Hon. William H. Wolff, Jr., retired from the Second District Court of Appeals, and Hon. Sumner E. Walters, retired from the Third District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1